[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Kelby Furlow appeals from his conviction in the Montgomery County Common Pleas Court of three counts of aggravated robbery with a deadly weapon with a firearm specification. We granted Furlow's motion for a delayed appeal on April 10, 1997.
Furlow entered his guilty plea to the aggravated robbery charges on January 12, 1996. Although probation was not an option, the trial court ordered that a presentence investigation be conducted. Furlow's counsel requested that Furlow have a mental evaluation. Counsel stated he thought the "court would benefit from that." (Tr. 8).
On February 16, 1996, Furlow was sentenced to three concurrent 7-25 year sentences and a three year term of actual incarceration for the gun specification.
In his first assignment, Furlow argues his guilty pleas were not given "knowingly" where the record shows his counsel requested that a mental evaluation be conducted prior to the sentencing of his client.
The State argues that counsel's mere request that Furlow be mentally evaluated after he entered his plea does not demonstrate Furlow did not enter his guilty pleas knowingly. The State points out that the trial court fully complied with Crim.R. 11 in accepting Furlow's guilty pleas. A review of the record indeed reflects that the trial court fully advised Furlow of the constitutional rights he surrendered by entering his pleas, and that the court advised him of the sentences he faced if convicted of the charges.
Nothing in the record suggests that the defendant did not knowingly and voluntarily enter his guilty pleas. The appellate record includes the psychological evaluation report of psychologist Susan Dyer which was provided to the trial court under seal. Dr. Dyer reported that Furlow's mental health history indicates he was never hospitalized for a psychiatric disorder nor has he received medication for a mental illness. Dr. Dyer noted defendant is addicted to alcohol and drugs and had been previously treated for his addictions in a residential treatment program in 1994.
The State correctly notes that a defendant is presumed competent to stand trial. R.C. 2945.37(A). The test for competency to enter a guilty plea is the same as that used for determining competency to stand trial. State v. Tong (Mar. 10, 1994), Cuyahoga App. No. 64903, unreported. In other words, a defendant must be capable of understanding the nature and objective of the proceedings and be capable of assisting counsel in his own defense. R.C. 2945.37(A).
R.C. 2945.37(A) provides that if the issue of the defendant's competence to stand trial is raised before trial, the court shall hold a hearing on the issue.
The Ohio Supreme Court has held that without sufficient indicia of incompetency appearing in the record, the failure of the trial court to hold a competency hearing is harmless error even where a suggestion of incompetency was made by defense counsel and a competency hearing was requested. State v. Bock
(1986), 28 Ohio St.3d 108.
In this case, counsel never suggested to the trial court that his client was incompetent, i.e., that he did not understand the proceedings or could not assist him in defending the indictment. In State v. Eley, the defendant pled "not guilty by reason of insanity" and requested a mental evaluation. State v. Eley
(1996), 77 Ohio St.3d 174, 183, 672 N.E.2d 640, 650. Although the mental evaluation occurred no incompetency hearing was held, the defendant withdrew his guilty plea and proceeded on a plea of not guilty. Id. The Court held that this alone, without further evidence of incompetency, did not provide sufficient indicia of incompetency. Id. at 184.
Counsel's request that his client be mentally evaluated was made to assist the court in determining an appropriate sentence. The thorough psychological examination by Dr. Dyer provided a useful insight into the defendant. In short, we find no evidence to suggest that the defendant's guilty pleas were not knowingly entered.
The assignment of error is overruled, and the judgment is affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Lynda K. Ashbery
Karen Denise Bradley
Hon. David G. Sunderland