THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, *v.* BOCK,
APPELLEE AND CROSS-APPELLANT.

[Cite as State *v.* Bock (1986), 28 Ohio St. 3d 108.]

(No. 86-508—Decided December 24, 1986.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Paul R. Markgraf, Leonard Kirschner* and *Thomas P. Longano,* for appellant and cross-appellee.

*Daniel J. Breyer,* for appellee and cross-appellant.

CLIFFORD F. BROWN, J. The court of appeals found that the trial court's failure to hold a competency hearing pursuant to R.C. 2945.37(A) necessitated the remand of this action for a new trial. We disagree. The appellate court below also held that the trial court's instruction to the members of the jury that they could disregard the factual determination of whether the twelve-year-old male victim was the defendant's spouse because "in this case, it's not appropriate" was harmless error. We agree.

R.C. 2945.37(A) provides in pertinent part:

"In a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before trial, the court *shall* hold a hearing on the issue as provided in this section.* * *" (Emphasis added.)

Thus, there is no question that where the issue of the defendant's competency to stand trial is raised prior to the trial, a competency hearing is mandatory. The issue before the court today, however, is whether the failure to provide a hearing in this instance was reversible error.

The United States Supreme Court has approached on a case-by-case basis the question of whether the failure to grant a competency hearing is

reversible error. In the landmark decision of *Pate* v. *Robinson* (1966), 383 U.S. 375, the issue of the incompetency of the defendant had been raised before trial, but no hearing had been held. The court ruled that the considerable evidence in the record demonstrating defendant's long and continuing history of pronounced irrational behavior gave rise to a constitutional right to a formal inquiry into his competency to stand trial. *Id.* at 385.

The crux of *Robinson,* however, is not that a defendant is automatically entitled to a hearing on the competency issue once that issue is raised. Rather, *Robinson* stands for the proposition that the right to a hearing on the issue of incompetency rises to constitutional proportions only when the record contains sufficient indicia of incompetency, see *Drope* v. *Missouri* (1975), 420 U.S. 162, 180, such that a formal inquiry into defendant's competency is necessary to protect his right to a fair trial.

The language of the *Robinson* opinion supports such a reading. The court stated that "[w]e believe that the *evidence introduced on * * * [defendant's] behalf* entitled him to a hearing * * *." (Emphasis added.) *Robinson* at 385. Furthermore, the court noted that "* * * [a] determination of * * * [defendant's right to a hearing] necessitates a detailed discussion of the conduct of the trial *and the evidence touching upon the question of the * * * [defendant's] competence at that time."* (Emphasis added.) *Id.* at 378. The court concluded that "* * * [i]*n the event a sufficient doubt exists* as to his present competence such a hearing *must* be held." (Emphasis added.) *Id.* at 387.

In a later case, the United States Supreme Court read *Robinson* to hold that "* * * the failure * * * [to hold a hearing] deprived * * * [defendant] of the inquiry into the issue of his competence to stand trial to which, *on the facts of the case,* we concluded he was constitutionally entitled.* * *" (Emphasis added.) *Drope* at 172.

Thus, it is clear that the failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency. *Id.* at 180.

Incompetency is defined in Ohio as the defendant's inability to understand "* * * the nature and objective of the proceedings against him or of presently assisting in his defense." R.C. 2945.37(A). Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.

In the case here, Bock's incompetency was suggested in the original request for a competency hearing where counsel alleged that the defendant was in the hospital for drug-related problems. The record further reveals testimony by Bock of his emotional distress and comments about suicide. Given the above definition of incompetency, however, this alone is not sufficient to indicate a lack of competency.

Defense counsel, after the original motion for a hearing, failed ever again to mention the defendant's competency until the time for appeal. The record reveals no adequate indication of any behavior on the part of the defendant which might indicate incompetency. Nor is there any expert or lay opinion in the record that defendant was actually incompetent. Furthermore, the defendant testified extensively at trial under direct, cross-, redirect and recross-examinations with no apparent behavior which would lead this court to believe that he was not competent to stand trial.[1]

Without sufficient indicia of incompetency appearing in the record we must rule that the failure of the trial court to hold a competency hearing was harmless error and did not interfere with the defendant's right to a fair trial.

We turn now to the jury instruction at issue. Bock argues in his cross-appeal that the trial court erred to his prejudice by instructing the jury that it need not make a factual determination as to whether the twelve-year-old male victim was the "spouse of the offender" since it was not "appropriate" in that case. Bock is also male, and married. This argument is without merit.

While it is true that in the overwhelming majority of circumstances the court may not instruct the jury to ignore an essential element of a crime in reaching its verdict, *State* v. *Nutter* (1970), 22 Ohio St. 2d 116 [51 O.O.2d 178], no matter how conclusive the evidence, this case constitutes one of the rare instances where such an instruction is not reversible error.

R.C. 3101.01 allows "[m]ale persons of the age of eighteen years * * * not having a husband or wife living" to contract matrimony. Bock was married at the time relevant to the criminal acts and was, thus, legally unable to contract matrimony with the victim. Furthermore, the victim was a twelve-year-old male and was, thus, also legally unable to be married to Bock, an adult male. It was a *legal impossibility* for Bock and the victim to be married. Thus, Bock was not prejudiced in any way by this instruction. Therefore, we affirm the court of appeals' finding that it was harmless error for the trial court to instruct the jury to disregard the factual determination of the spousal status of a married adult and his victim, a twelve-year-old male child, for purposes of rape and gross sexual imposition perpetrated upon such victim.

The judgment of the court of appeals is reversed as to its ruling that

---

[1] There was no affirmative waiver of defendant's right to a competency hearing on the record. However, because of the insufficiency of indicia of incompetency within the record, no constitutional right to a hearing attached. Therefore, the issue of what constitutes a proper waiver is not before the court. We do note, however, that a waiver or abandonment of any substantial right should be established, as Judge Keefe of the appellate court below stated in dissent, "affirmatively and unequivocally on the record."

the failure to grant a competency hearing was reversible error and is affirmed as to its ruling that the jury instruction was harmless error.

*Judgment reversed in part and affirmed in part.*

CELEBREZZE, C.J., SWEENEY, LOCHER and HOLMES, JJ., concur.

DOUGLAS and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. I perceive two violations of defendant's rights: a constitutional violation and a statutory violation. It has long been the law that an accused shall not be subjected to trial when his mental condition is such that he lacks the capacity to understand the nature of the charges against him, consult with counsel and assist in his defense. See *Drope* v. *Missouri* (1975), 420 U.S. 162; *Dusky* v. *United States* (1960), 362 U.S. 402. A defendant is deprived of his due process right to a fair trial when the trial court fails to observe procedures adequate to protect those who are incompetent to stand trial. *Pate* v. *Robinson* (1966), 383 U.S. 375.

An accused's right not to be tried or convicted while incompetent to stand trial is also protected by R.C. 2945.37 which provides in pertinent part as follows:

"(A) In a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before trial, the court *shall hold a hearing on the issue* as provided in this section. If the issue is raised after the trial has begun, the court shall hold a hearing on the issue only for good cause shown.

"A defendant is presumed competent to stand trial, *unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense.*

"* * *

"The court *shall conduct the hearing within thirty days after the issue is raised,* unless the defendant has been referred for examination under section 2945.371 of the Revised Code, in which case the court shall conduct the hearing within ten days after the filing of the report required by that section. A hearing may be continued for good cause shown.

"The defendant *shall be represented by counsel at the hearing. If the defendant is unable to obtain counsel, the court shall appoint counsel under Chapter 120. of the Revised Code before proceeding with the hearing.*" (Emphasis added.)

The provisions for a hearing on competency in R.C. 2945.37(A) are mandatory. See *State* v. *Smith* (1931), 123 Ohio St. 237; *Evans* v. *State*

(1930), 123 Ohio St. 132. When a competency hearing is requested, it must be held unless that request is affirmatively and voluntarily withdrawn.

The majority erroneously suggests that *Pate* v. *Robinson, supra,* stands for the proposition that the right to a hearing on the issue of incompetency rises to constitutional proportions only when the record contains sufficient indicia of incompetency. The defendant in *Robinson* failed, prior to and during trial, to request a hearing on his mental capacity to stand trial. However, after his conviction, he filed a petition for habeas corpus arguing that since he did introduce evidence regarding his sanity, the trial court should have *sua sponte* held a hearing on his competency to stand trial. It was due to the nature of these claims that the court conducted a detailed analysis of the evidence touching on Robinson's competency and, following this analysis, held that the trial court should have conducted a competency hearing on its own motion. Thus, the *Robinson* decision does not even address the standard to be applied when a competency hearing has been affirmatively requested.

In the present case, the record clearly demonstrates that defendant's counsel specifically requested a hearing regarding the defendant's competency to stand trial. Subsequent to that request, the trial court ordered the Court Clinic of the Central Psychiatric Clinic to examine defendant and to file a written report with the court. No such report was filed. Furthermore, the court failed to conduct the competency hearing mandated by R.C. 2945.37.

The majority does not question that R.C. 2945.37 was properly triggered by counsel and the court, as the record establishes that defendant was impaired by drug usage, had been hospitalized in Rollman Psychiatric Hospital in 1975, had been committed to Longview State Hospital and Emerson North Hospital, and had attempted to take his own life prior to trial. However, the majority has concluded that the failure to hold a hearing and place the psychiatric report on the record was "harmless error." The majority reasons that since there was not sufficient evidence in the record to support a finding that defendant was incompetent, the admitted error by the trial court did not prejudice the constitutional or statutory rights of the defendant.

The most charitable thing I can say about such a line of reasoning is that it begs the question, is circular in character and is fatally flawed. Common sense dictates that no defendant can make a record of lack of competency absent the findings and hearing contemplated by R.C. 2945.37 and 2945.371. The trial court's failure to comply with these statutory mandates made the development of such a record unlikely at best.

I am disappointed that this court has undermined the appropriate and salutary provisions of R.C. 2945.37, and cast doubt on our holdings in *Evans* v. *State, supra,* and *State* v. *Smith, supra.* I am even more disappointed that the majority has ignored the constitutional and statutory

rights of defendant. Harmless error is error that does not affect substantial rights. See Crim. R. 52(A). In my view, the majority has simply ignored this clear-cut definition and, thus, I must respectfully dissent.

DOUGLAS, J., concurs in the foregoing dissenting opinion.