JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Hoaglin Holdings, Ltd. ("Hoaglin") appeals from a common pleas court order dismissing its case. Hoaglin argues that the evidence was insufficient to support the dismissal, and this decision was against the manifest weight of the evidence. Second, it asserts the court erred by refusing to allow Hoaglin to introduce documentary evidence at trial. Third, Hoaglin claims the court should have granted its motions for summary judgment in their entirety. Finally, Hoaglin contends that the court erred by not allowing it to file a trial brief. We find no error in the proceedings below, so we affirm.
 Proceedings Below {¶ 2} Hoaglin's complaint was filed September 5, 2002. It alleged that Hoaglin entered into an agreement to lease property to Invesco Mortgage Corporation on or about December 22, 2000. Defendant Edwin Vargas executed a separate guarantee of the lease. Copies of these agreements were attached to the complaint.
 {¶ 3} Invesco failed to pay rent due for June and August 2001 and was therefore in default. Hoaglin agreed to allow Invesco to assign the lease to defendant Goliath Mortgage Co. Hoaglin, Invesco, Goliath and Vargas entered into a lease assignment agreement on August 31, 2001. Pursuant to this agreement, Vargas continued to guarantee the lease. A copy of this agreement was also attached to the complaint.
 {¶ 4} The complaint alleged that Goliath failed to pay rent from April to August 2002 and was therefore in default. Goliath abandoned the premises. Hoaglin demanded judgment for the rent due for June and August 2001 and April through August 2002, plus interest, as well as all rent coming due thereafter when due.
 {¶ 5} Vargas did not file an answer. However, he attached a proposed answer, cross-claim and counterclaim to a motion to join additional parties. This motion was ultimately denied on March 20, 2003. Vargas filed a motion to correct the record to reflect that the answer, cross claims and counterclaims were filed, and moved to dismiss them without prejudice. The court did not rule on this motion and therefore presumptively denied it.
 {¶ 6} Goliath answered and filed a cross-claim against Vargas for abuse of process, "spoliation of real property," conversion, fraud, and intentional infliction of emotional distress. Goliath also counterclaimed against Hoaglin for abuse of process and intentional infliction of emotional distress.
 {¶ 7} Hoaglin separately moved for summary judgment against Vargas and Goliath. The court granted summary judgment for Hoaglin against both Goliath and Vargas as to liability on the complaint, but found genuine issues of material fact remained as to the amount of Hoaglin's damages and Hoaglin's efforts to mitigate. The court further granted summary judgment for Hoaglin on Goliath's counterclaims. It found Hoaglin's motion to be moot with respect to Vargas's counterclaims because those claims were not properly filed.
 {¶ 8} The case came on for bench trial on September 15, 2003. Goliath did not appear, but Vargas did.
 {¶ 9} The sole witness at trial was Ted Hoaglin, the owner of the properties held by plaintiff Hoaglin Holdings, Limited. Mr. Hoaglin testified that he had leased the subject building to Invesco, which defaulted. He then allowed the assignment of the lease to Goliath, which also defaulted. After Goliath vacated the premises, Hoaglin retained real estate brokers to lease or sell the space. They advertised and showed the premises, but had not obtained a new tenant.
 {¶ 10} On cross-examination, Mr. Hoaglin testified that he also owned the building next to the subject building, and had succeeded in advertising and leasing that building without a broker. Mr. Hoaglin denied that he had entered into a settlement with Goliath. However, Hoaglin's counsel reported that they had agreed on "the concept of an agreement," the "essence" of which was that Hoaglin would obtain a judgment against Goliath for the entire amount demanded at the time of their agreement, but the judgment would not be enforced as to any amount in excess of $9,000. Hoaglin's counsel circulated a draft agreement and proposed judgment entry to Goliath's counsel. Goliath had not returned it.
 {¶ 11} At the close of Hoaglin's case, Vargas's counsel moved the court to dismiss the complaint on the ground that Hoaglin failed to submit any evidence of its damages. In particular, Vargas asserted that the lease had not been admitted as evidence. The court agreed that Hoaglin had failed to introduce any evidence to substantiate its claims, and therefore granted Vargas's motion. Thereafter, the court entered a judgment which stated:
 {¶ 12} "Trial held. Plaintiff failed to submit evidence to sustain the evidentiary burden. Accordingly, case dismissed."
 Law and Analysis[1] {¶ 13} Hoaglin first argues that the court's decision to dismiss its complaint was not supported by sufficient evidence and was against the manifest weight of the evidence. This argument is a non sequitur: As stated in its assignment of error, Hoaglin contends the evidence is insufficient that the evidence is insufficient. Nonetheless, the substance of Hoaglin's argument is that the court's decision was erroneous. We will address that concern.
 {¶ 14} Hoaglin contends that the record of the case includes the pleadings and motions and the exhibits attached to them, and there was no need to introduce these documents at trial. Furthermore, Hoaglin claims, the court already determined that Vargas and Goliath were liable under the lease, assignment, and guarantee, and therefore implicitly found those agreements were existing and valid. Therefore, Hoaglin claims, the terms of the lease and the assignment were part of the evidence in the case.
 {¶ 15} Hoaglin confuses the concepts of "evidence in the record" and "evidence at trial." In making its decision following trial, the trial court may only consider the evidence the court admitted at trial. Other evidence in the record but not admitted at trial may not be considered. The only evidence Hoaglin introduced at trial was the testimony of Mr. Hoaglin. Therefore, we must consider whether his testimony was sufficient to meet Hoaglin's burden of proof.
 {¶ 16} Mr. Hoaglin's testimony about the terms of the assignment to Goliath, including the amount of rent, was not sufficient. The amount of rent was a term of a written contract. The best evidence rule requires that the original writing itself be used to prove the contents of the writing, although duplicates are generally admissible to the same extent as the originals. See Evid.R. 1002 and 1003. Oral testimony about the contents of the writing is not admissible unless the writing itself is lost, destroyed or otherwise unavailable. Evid.R. 1004. There was no evidence that the original contracts here were unavailable. Therefore, Mr. Hoaglin's testimony was insufficient proof of the contract terms.
 {¶ 17} Contrary to Hoaglin's contentions, the duplicates of the contracts attached to the complaint were not in evidence. Though the pleadings are part of the record, they are not evidence. This is because, "`under the rules of Civil Procedure adopted in 1970, the complaint (or answer) is no longer verified and no longer is required to state the facts upon which the complaint is founded. The complaint (or answer) is a lawyer's document and is not for the jury.'" Vitanza v. First NationalSupermarkets, Inc. (June 24, 1993), Cuyahoga App. No. 62906 (quotingPatterson v. Sells (Feb. 1, 1983), Franklin App. No. 82AP-91). The pleadings were never admitted as evidence. See Civ.R. 8(G). Therefore, the court could not consider them or the attachments as evidence.
 {¶ 18} Goliath had answered and denied the allegations of the complaint, so Hoaglin bore the burden of proving its allegations against Goliath. Even after the award of summary judgment as to Goliath's liability, Hoaglin still bore the burden of proving its damages. This burden necessarily required Hoaglin to introduce evidence of the contract's rent terms. Judgment for Goliath was appropriate when Hoaglin failed to introduce this evidence.
 {¶ 19} Vargas's failure to answer the complaint was an admission of the facts alleged, including the existence, validity and terms of the lease, assignment, and guarantee. However, it was not an admission as to the amount of damages. Civ.R. 8(D). Therefore, Hoaglin still had to prove its damages against Vargas. Contrary to Hoaglin's assertions, Vargas's trial brief did not admit Hoaglin's damages. To the contrary, Vargas noted that one of the issues for trial was whether Hoaglin could prove specific damages attributable to Vargas. The fact that Vargas's trial brief did not respond to Hoaglin's trial brief on the subject of damages cannot be viewed as an admission because (1) Vargas's trial brief was filed before Hoaglin sought leave to file its trial brief, and (2) Hoaglin was never given leave to file its brief, so there was no need for Vargas to respond to it. Accordingly, we reject Hoaglin's claim that Vargas admitted the amount of damages.
 {¶ 20} We agree with the common pleas court that Hoaglin failed to introduce evidence to support its claim for damages. Therefore, we overrule the first assignment of error.
 {¶ 21} Hoaglin next asserts that the court erred by not allowing it to use documentary evidence. Hoaglin was prohibited from using two documents in examining its witness. One was the contract with one of the real estate brokers whom Mr. Hoaglin retained to lease the subject property; the other was a bill for legal fees.
 {¶ 22} "A trial court has broad discretion in determining whether to admit or exclude evidence. Absent an abuse of discretion that materially prejudices a party, the trial court's decision will stand" Krischbaum v.Dillon (1991), 58 Ohio St.3d 58, 66. Hoaglin could not have been prejudiced by its inability to use either of these documents. Evidence regarding mitigation of damages was irrelevant because Hoaglin failed to prove any damages to begin with. Hoaglin also failed to prove that it was entitled to collect attorney's fees under the terms of the contract, so the amount of the fees it sought was irrelevant. Therefore, Hoaglin was not prejudiced by the court's refusal to allow it to use these documents at trial. Accordingly, we overrule the second assigned error.
 {¶ 23} Hoaglin contends that the common pleas court erred by failing to grant its motions for summary judgment in full. It claims there were no genuine issues of material fact as to its damages, despite Goliath's and Vargas's arguments to the contrary. We disagree. In its summary judgment motion against Goliath, Hoaglin argued that Goliath was liable for the cost of repairs to the premises. Goliath disputed that it caused any damage to the premises, and supported this argument with an affidavit. Therefore, there was a genuine issue for trial with respect to the amounts due from Goliath under the lease. Vargas, as guarantor, could not be held liable for any amounts that were not due from Goliath. Therefore, the court properly granted partial summary judgment against both defendants with respect to liability only.
 {¶ 24} Finally, Hoaglin asserts that the court erred by failing to grant its motion for leave to file its trial brief. The docket reflects that Hoaglin filed a motion for leave to file a trial brief two days before trial began. This motion is not included in the record, nor does the docket reflect a court ruling on the motion. We therefore presume the motion was denied. Based upon this limited record, we cannot say that the court abused its discretion by denying appellant leave to file an untimely trial brief. Moreover, without a copy of the brief in the record, we cannot say appellant was prejudiced by the denial of leave to file it. Therefore, the fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and McMonagle, J. Concur
[1] We construe the court's decision to dismiss the "case" to include dismissal of Goliath's cross-claims against Vargas. Therefore, the judgment entry disposes of all remaining claims of all parties and is a final, appealable order.