JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Paul Senich appeals from his convictions for telecommunications harassment and two counts of unlawful possession of dangerous ordnance. He contends that the court erred by accepting his plea of guilty to these charges without inquiring about his competency. We find no error in the proceedings below and affirm appellant's convictions.
 {¶ 2} Appellant was charged in a ten count indictment filed April 23, 2004, with two counts of telecommunications harassment, seven counts of unlawful possession of dangerous ordnance, and one count of possessing criminal tools. He entered a plea of guilty to one count of telecommunications harassment and two counts of unlawful possession of dangerous ordnance; the remaining charges were dismissed. The court sentenced appellant to three years of community control on the condition that appellant submit to regular drug testing, reside at Sober House, and receive psychological counseling.
 {¶ 3} Appellant now argues that the court at the plea hearing did not inquire about his competency to enter a plea. The standard for assessing a defendant's competency to enter a guilty plea is the same as that for determining his competency to stand trial. Godinez v. Moran (1993), 509 U.S. 389. The defendant must have a "`sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and [have] `a rational as well as factual understanding of the proceedings against him.'" Godinez, 509 U.S. at 396 (quotingDusky v. U.S. (1960), 362 U.S. 402).
 {¶ 4} A defendant's competency to stand trial (and thus, to enter a guilty plea) is presumed. R.C. 2945.37(G). Thus, the court need not make any special determination of the defendant's competency unless the issue is raised. A trial court must hold a competency hearing if a request is made before trial, or if the record contains such indicia of incompetence that an inquiry is necessary to ensure that the defendant is accorded his right to a fair trial. State v. Were, 94 Ohio St.3d 173, 174,2002-Ohio-481; State v. Jordan, 101 Ohio St.3d 216,2004-Ohio-783, ¶ 29.
 {¶ 5} No request for a competency determination was made in this case. Nothing said in the plea hearing (or anywhere else in the record) suggested that the appellant's competency was in doubt. Under these circumstances, "[d]eference on such issues should be left to those `who see and hear what goes on in the courtroom.'" Jordan, at ¶ 30.
 {¶ 6} Appellant points out that the court became aware of his mental health problems at the sentencing hearing. At the sentencing hearing, the court noted that appellant had been diagnosed as bipolar in 2000, and had been taking medication since then. The court further noted that appellant had no history of criminal convictions until 2000, and suggested that the medication might be the cause of his criminal behavior. Appellant did not move the trial court to withdraw his guilty plea and consider his competency, either before or after he was sentenced. The mere fact that a defendant is receiving medication does not render him incompetent. R.C. 2945.37(F). Furthermore, mental illness or emotional instability are not the equivalent of incompetence. State v. Bock (1986), 28 Ohio St.3d 108, 110. "Defendant does not point to anything in the record indicating that he was incompetent at the time he entered his plea, and our review of the record has revealed no indicia of incompetency that would have required a hearing on the matter." State v. Linscott
(Jan. 10, 2001), Summit App. Nos. 19947 20021, at 8. Therefore, we overrule the appellant's sole assignment of error and affirm his convictions.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and Mcmonagle, J. Concur