JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Joseph McGrath, appeals numerous orders of the trial court preceding his conviction, including the trial court's acceptance of his guilty plea after he had been declared incompetent. Finding some merit to this appeal, we affirm in part, reverse in part, and remand.
 {¶ 2} On January 15, 2007, McGrath was arrested in Parma for menacing by stalking involving a victim who was a family or household member. The case was subsequently bound over from the Parma Municipal Court to the Cuyahoga County Court of Common Pleas. On March 16, 2007, McGrath was indicted for one count of menacing by stalking, a violation of R.C. 2903.211, a fourth degree felony. McGrath pled not guilty to the charge and was appointed counsel.
 {¶ 3} Upon motion of defense counsel, and in accordance with R.C. 2945.37(B), the trial court ordered a psychiatric evaluation of McGrath to determine his competency to stand trial. On April 23, 2007, the state and defense counsel stipulated to a competency report dated April 16, 2007, issued by the court's psychiatric clinic, wherein the court's psychiatrist opined that McGrath was unable to assist counsel in his defense and recommended that he receive treatment at Northcoast Behavioral Healthcare ("NBH") to restore him to competency. Consequently, the court found McGrath incompetent to stand trial *Page 4 
and ordered him to be transported to NBH for treatment and competency restoration.[1]
 {¶ 4} McGrath later obtained new counsel, and on September 13, 2007, the trial court again referred McGrath to the court's psychiatric clinic for an evaluation to determine his competency to stand trial.
 {¶ 5} The state and defense subsequently met in court for a series of pretrials, and the matter proceeded to a change of plea hearing on December 19, 2007. The docket and transcript from the hearing, however, fail to reflect that the trial court found that McGrath was restored to competency. Despite not holding a hearing on McGrath's competency or discussing the opinion of the court psychiatrist following McGrath's second referral to the court's psychiatric clinic, the court accepted McGrath's change of plea and agreed to release McGrath on bond pending sentencing. The court restated its order that McGrath have no contact with the victim.
 {¶ 6} While released on bond, McGrath contacted the victim in violation of the court's order and was remanded to jail. The trial court subsequently held a *Page 5 
sentencing hearing and sentenced McGrath to eighteen months in prison. McGrath, pro se, appeals, raising thirteen assignments of error.
 {¶ 7} For ease of discussion, we will address these assignments of error out of order and together where appropriate.
 Court of Claims {¶ 8} In his thirteenth assignment of error, [2] McGrath seeks an order from this court requiring the trial court to "certify to the court of claims that [he] was wrongfully incarcerated" under Ohio's wrongful imprisonment statutes. We find no merit to McGrath's final assignment of error. Apart from this assignment of error being premature, i.e., there is no finding that McGrath has been wrongfully imprisoned, McGrath has not sought any determination under Ohio's wrongful imprisonment statutes in the trial court below. See R.C. 2305.02 and 2743.48 (court of common pleas has exclusive, original jurisdiction to hear and determine wrongful imprisonment claim). Accordingly, this court has no authority to enter an order when the trial court has not even considered the issue. The thirteenth assignment of error is overruled.
 Competency Determination and Proceedings *Page 6 Finding of Incompetency
 {¶ 9} In his fifth assignment of error, McGrath argues that the trial court abused its discretion in finding him incompetent.[3] We disagree.
 {¶ 10} "In reviewing a trial court's determination of competency, appellate courts look to see whether the trial court's conclusion was supported by competent, credible evidence." State v. Burnett, 2d Dist. No. 1638, 2005-Ohio-49, ¶ 57, citing State v. Williams (1986),23 Ohio St.3d 16. Contrary to McGrath's assertion, we find no evidence in the record that the trial court found him incompetent based on his assertion of "the right against self incrimination." Instead, the record reflects that the trial court relied on Dr. Susan Hatters-Friedman's April 16, 2007 evaluation finding him incompetent. Indeed, the record reflects that the trial court held a competency hearing in April 2007, where McGrath's counsel waived cross-examination of Dr. Friedman, and both the state and defense stipulated to Dr. Friedman's incompetency determination. Accordingly, we find competent, credible evidence in the record to support the trial court's conclusion and overrule the fifth assignment of error. See State v. *Page 7 Marshall (1984), 15 Ohio App.3d 105 (expert's evaluation constituted competent, credible evidence to support trial court's competency determination).
Courts Journal Entries
 {¶ 11} In his second and third assignments of error, [4] McGrath argues that the trial court violated his constitutional rights by holding a competency hearing without him being present and that the trial court falsified journal entries to erroneously reflect that he was present in the courtroom. We find no merit to these claims.
 {¶ 12} First, it is well-settled that a court speaks through its journal entries. State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 47, citing Kaine v. Marion Prison Warden, 88 Ohio St.3d 454, 455,2000-Ohio-381. Here, the court's docket reflects that McGrath was present for the competency hearing held on April 23, 2007. There is no evidence in the record that McGrath was not present. Indeed, "[t]he inference which the law raises is that every court does its duty and does *Page 8 
right and, unless the record shows something to the contrary, it will be presumed that the lower court acted wholly within the law." State v.Mark (May 24, 1988), 7th Dist. No. 87-J-19, citing 5 Ohio Jurisprudence 3d 112, Appellate Review, Section 553. Secondly, apart from McGrath's bald accusations, he fails to identify what journal entries the trial court allegedly falsified or offer any evidence to substantiate his claim. Accordingly, the second and third assignments of error are overruled.
Competency Report
 {¶ 13} In his fourth assignment of error, [5] McGrath contends that the trial court erred by refusing to provide him with a copy of competency documents. The statute, however, does not require the court to provide a defendant with a copy. See R.C. 2945.371(G). Indeed, the statute states that a person who examines a defendant for competency to stand trial "shall file a written report with the court within thirty days after entry of court order for evaluation, and the court shall provide copies of the report to the prosecutor and defense counsel." Id. The statute imposes a duty on the court only to provide defendant's counsel with a *Page 9 
copy. McGrath makes no allegation that the trial court failed to comply with this requirement. Accordingly, we overrule McGrath's fourth assignment of error.
Failure to Find that Competency Had Been Restored
 {¶ 14} In his ninth and tenth assignments of error, [6] McGrath argues, in the alternative, that the trial court erred in accepting his change of plea without first determining whether his competency had been restored. We agree.
 {¶ 15} R.C. 2945.37 requires a trial court to hold a competency hearing if the issue of a defendant's competency is raised prior to trial. R.C. 2945.37(B). Under the statute, a defendant is presumed to be competent to stand trial. R.C. 2945.37(G). If, however, the trial court finds "by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the *Page 10 
defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code." Id.
 {¶ 16} R.C. 2945.38 governs the disposition of a defendant after an initial competency hearing and sets forth the procedures for treatment and evaluation orders. As pertinent to this appeal, R.C. 2945.38(H) provides the following:
 {¶ 17} "If a defendant is committed pursuant to division (B)(1) of this section, *** within thirty days after being advised by the treating physician or examiner that the defendant is competent to stand trial, whichever is the earliest, the court shall conduct another hearing to determine if the defendant is competent to stand trial and shall do whichever of the following is applicable:
 {¶ 18} "(1) If the court finds that the defendant is competent to stand trial, the defendant shall be proceeded against as provided by law. ***"
 {¶ 19} In applying this statute, this court has expressly held that, once a defendant is declared incompetent and after the court has received notice that a defendant is competent to stand trial, a trial court must hold another hearing and specifically find that competency has been restored prior to proceeding to trial. State v. Jackson, 8th Dist. No. 82652, 2004-Ohio-3473, ¶ 13.
 {¶ 20} We find this same reasoning applicable to a change of plea hearing. Thus, before a trial court may accept an incompetent defendant's change of plea, the trial court must first comply with R.C. 2945.38 and determine, after a *Page 11 
hearing, whether competency has been restored. Indeed, the Unites States Supreme Court in Godinez v. Moran (1993), 509 U.S. 389, held that the standard for determining competency to stand trial and the competency to enter a plea are the same.
 {¶ 21} In this case, the trial court held a competency hearing in April 2007, as required under R.C. 2945.37, and ultimately found that McGrath was incompetent to stand trial based on Dr. Hatters-Friedman's competency evaluation. The trial court subsequently ordered a second evaluation, presumably upon McGrath's new counsel's request. The trial court, however, failed to address the findings of the second competency evaluation at the change of plea hearing or make the report part of the record. Additionally, the parties did not stipulate to the examiner's report. The docket contains no judgment entry reflecting that the trial court found that competency had been restored, let alone that the issue had been heard. Indeed, apart from the trial judge's single reference at the plea hearing that McGrath had been "interviewed" after his initial incompetency determination and "they said he's fine," the record is silent on the issue of his competency being restored. Thus, given the dictates of R.C. 2945.38 and our holding in Jackson, we find that the trial court erred by accepting McGrath's change of plea without first holding a hearing on his competency and specifically finding that competency had been restored. *Page 12 
 {¶ 22} Relying on the Ohio Supreme Court's decision in State v.Bock (1986), 28 Ohio St.3d 108, the state urges this court to find that the trial court's failure to conduct a hearing on McGrath's competency is harmless error. Bock, however, is factually distinguishable from this case. In Bock, the court held that "[t]he failure to hold a competency hearing is harmless error where the defendant proceeds to participate in trial, offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency." Id. at paragraph one of the syllabus. In Bock, notably, the defendant was never found incompetent prior to the trial court proceeding to trial, and the court specifically emphasized that there was no indicia of incompetency. Conversely, in this case, the trial court specifically found McGrath incompetent to stand trial, and the record contains no subsequent finding that competency had been restored prior to the court accepting McGrath's change of plea. Accordingly, based on the record before us, we cannot say that the error is harmless.
 {¶ 23} Likewise, because the record fails to reflect that McGrath was restored to competency at the time that he entered his change of plea, we are constrained to find that the trial court erred in accepting his guilty plea. See State v. Bolin (1998), 128 Ohio App.3d 58, 62 (a defendant who is not competent to stand trial is not competent to enter a negotiated plea); see, also, State v. *Page 13 Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179 (a defendant must make a guilty plea knowingly, intelligently, and voluntarily); Crim. R. 11.
 {¶ 24} Accordingly, the ninth and tenth assignments of error are sustained. We vacate McGrath's guilty plea and remand this case for further proceedings consistent with this opinion.
 {¶ 25} Based on our disposition of the foregoing, we need not address McGrath's remaining assignments of error, [7] as they are moot. See App. R. 12(A)(1)(c).
 {¶ 26} Judgment affirmed in part, reversed in part, and case remanded for further proceedings consistent with this opinion.
It is ordered that appellee and appellant share costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and JAMES J. SWEENEY, J., CONCUR *Page 14 
 APPENDIX
"[I.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, when the trial court permitted lawfully terminated attorney to continue representing the appellant without holding a hearing as to whether there was a conflict of interest.
"[VI.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, by denying the appellant's motion to dismiss for failure to provide a speedy trial.
"[VII.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, by denying the appellant's pre-sentencing motion to withdraw his guilty plea based on the appellant's declaration of innocence with the pretrial motions.
"[VIII.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, by not permitting the appellant to represent himself propria persona.
"[XI.] The trial court abused [sic] was denied effective assistance of counsel Michael Cheselka Esq., in violation of the Ohio and United States constitutions.
"[XII.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, based on the cumulative effects of all issues combined."
[1] We note, however, that the record is not entirely clear if McGrath was transported to NBH. The docket fails to reflect an order remanding him to the county jail from NBH, and it appears that McGrath filed numerous pro se motions from the county jail after the court's order finding him incompetent.
[2] "[XIII.] The appellant is entitled to have this case vacated and remanded back to the trial court to certify to the court of claims that the appellant was wrongfully incarcerated, pursuant to R.C. 2305.02; R.C. 2743.48."
[3] "[V.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, by declaring the appellant mentally incompetent to stand trial and ordered committed, based on the appellant's assertion of his rights against self incrimination for refusing to answer any questions posed by the court psychiatrist about corrupt activities and appellant's involvement with Judge Daniel Gaul."
[4] "[II.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, by conducting a competency hearing without the appellant's presence in the court room for the hearing, or even notifying the appellant of the hearing.
"[III.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, by falsifying numerous journal [entries] stating the defendant was in the court room, when in fact the defendant was not in the court room and in fact had no knowledge of any hearing until after the fact and appellant only learned of the hearings by reading the court[']s dockets."
[5] "[IV.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, by refusing to provide the appellant with a copy of the competency documents, R.C. 2945.371(G)."
[6] "[IX.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights, by never judicially declaring the appellant mentally competent to stand trial, rendering the appellant's sentence and conviction void.
"[X.] The trial court abused its discretion and committed reversible and/or plain error and violated the appellant's Ohio and United States constitutional rights when the trial court permitted the appellant to enter into a signed plea agreement while appellant was judicially declared incompetent to stand trial and ordered committed, rendering any contract or written plea bargain void."
[7] The remaining six assignments of error are set forth in the Appendix. *Page 1