[Cite as *In re K.A.*, 2017-Ohio-6979.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104938

# IN RE: K.A.
## A Minor Child

# JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 15113650

**BEFORE:** Kilbane, P.J., E.T. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** July 27, 2017

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender
Victoria Bader
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Mary McGrath
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, K.A., appeals from an order of the Cuyahoga County Court of Common Pleas, Juvenile Division, adjudicating him delinquent by reason of rape and kidnapping. K.A. contends that the juvenile court's failure to hold a competency hearing and issue a written determination constituted reversible error that mandates vacating his plea and remanding to juvenile court. For the reasons set forth below, we reverse and remand because the court did not conduct a competency hearing before it accepted K.A.'s guilty plea.

{¶2} In December 2015, the state of Ohio filed a delinquency complaint against K.A., age 17, charging him with five counts of rape and two counts of kidnapping. The complaint lists G.S., age 14, as the victim. In April 2016, K.A. requested a competency hearing. The court granted the request, ordered a competency evaluation through the court's diagnostic clinic, and scheduled a final pretrial.

{¶3} On April 26, 2016, Dr. Joseph Konieczny, Ph.D. ("Dr. Konieczny") completed the competency evaluation on K.A. Dr. Konieczny noted that K.A.'s 2012 and 2013 cases were dismissed because K.A. was found not competent to stand trial. With respect to the instant case, Dr. Konieczny opined that K.A. was competent to participate in his own defense, but noted that K.A. functions in the borderline to extremely low range of intellectual capabilities. Dr. Konieczny further noted that K.A. did require a greater than average degree of explanation or "coaching" with regard to

concepts related to juvenile competency. In instances where K.A. required coaching, he was able to show full recall of the concept in question. K.A. did not, however, show any later recall understanding for the concepts of confidentiality, nonconfidentiality, the role of the prosecutor, the process by which decisions are made, and his right not to be compelled to testify against himself.

{¶4} The record reflects that the juvenile court did not address the competency evaluation at the scheduled final pretrial in May 2016. Approximately one month later, K.A. and the state of Ohio entered into a plea agreement. Pursuant to the agreement, K.A. admitted to one count of rape and one count of kidnapping. The remaining charges were nolled. The court referred the case to the Ohio Department of Youth Services ("ODYS") Committee for review and recommendation, and ordered K.A. to complete a Mokita Assessment.[1] A psychological evaluation was also completed.

{¶5} The ODYS Committee reviewed K.A.'s case and recommended that K.A. be committed to ODYS because of the seriousness of his offenses. The ODYS committee noted in its report that it did not have either the Mokita Assessment nor the psychological evaluation by Dr. Terry Pinsoneault, Ph.D. ("Dr. Pinsoneault") at the time they reviewed K.A.'s case.

{¶6} Dr. Pinsoneault reported that K.A. had extremely low verbal reasoning skills and had a low level of cognitive functioning. Dr. Pinsoneault stated, "[i]n

---

[1]The Mokita Center is a private business that contracts with the juvenile court to preform assessments, counseling, and monitoring of juveniles charged with sex offenses.

situations which call on using verbal abilities, such as logical thinking or vocabulary, [K.A.] would present as significantly cognitively impaired. Clearly [K.A.] often does not understand things." He advised that at times, K.A. "clearly * * * does not understand what is said to him, and that the court might want to present information very concretely and then query him concerning his understanding." Dr. Pinsoneault recommended closely supervised probation rather than commitment to ODYS.

{¶7} The Mokita Assessment also recommended treatment in a non-ODYS facility. The Mokita evaluator commented that a community corrections facility seems to "have a more specific and targeted therapeutic approach than ODYS." On August 8, 2016, the juvenile court committed K.A. to the legal custody of ODYS for an indefinite term of a minimum of 12 months and a maximum not to exceed K.A.'s attainment of 21 years of age. In reaching its decision, the juvenile court noted that K.A. had previously been charged with rape. Although that charge was dismissed on grounds that K.A. was incompetent, the court considered the prior charge as evidence of a "pattern" of behavior. As part of his sentence, the court ordered that K.A. receive sex offender treatment while at ODYS and classified him as a Tier III sex offender.

{¶8} K.A. now appeals, raising the following four assignments of error for review.

### Assignment of Error One

K.A. was denied his right to due process of law when the juvenile court failed to hold a hearing to determine competency and failed to issue a written competency determination, in violation of R.C. 2152.58, the Fourteenth Amendment to the United States Constitution, and Article I,

Section 16 of the Ohio Constitution.

## Assignment of Error Two

The Cuyahoga County Juvenile Court committed plain error when it accepted K.A.'s admission when his admission was not knowingly, intelligently, or voluntarily made, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, and Juv.R. 29.

## Assignment of Error Three

The juvenile court abused its discretion when it committed K.A. to the Department of Youth Services.

## Assignment of Error Four

K.A. was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

## Competency Evaluation

**{¶9}** In the first assignment of error, K.A. argues that the trial court erred when it did not hold a competency hearing and issue a written competency determination as required by R.C. 2152.58.

**{¶10}** In Ohio

[i]t is settled law that 'a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.' [*Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103], (1975)] The conviction of an accused while he is not legally competent to stand trial violates due process of law.

*State v. Smith*, 8th Dist. Cuyahoga No. 92649, 2010-Ohio-154, ¶ 10, quoting *State v. Rubenstein*, 40 Ohio App.3d 57, 60, 531 N.E.2d 732 (8th Dist.1987).

"[T]he right not be tried or convicted while incompetent is as fundamental in juvenile proceedings as it is in criminal trials of adults." *In re Bailey*, 150 Ohio App.3d 664, 2002-Ohio-6792, 782 N.E.2d 1177, ¶ 10 (2d Dist.), citing *In re Johnson*, Montgomery App. No. 7998, 1983 Ohio App. LEXIS 14017 (October 25, 1983); *In Re Williams*, 116 Ohio App.3d 237, 687 N.E.2d 507 (2d Dist.1977).

{¶11} The competency standard for pleading guilty is the same as competency to stand trial. *State v. Bolin*, 128 Ohio App.3d 58, 62, 713 N.E.2d 1092 (8th Dist.1998). "A defendant who is not competent to stand trial is not competent to enter a negotiated plea." *State v. Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717, ¶ 17, citing *Bolin*; *Godinez v. Moran*, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). Thus, "where the issue of competency is raised, a trial court commits reversible error by failing to hold a competency hearing before accepting a guilty plea or make the result of the psychiatric report part of the record." *Id.*, citing *Smith*; *State v. McGrath*, 8th Dist. Cuyahoga No. 91261, 2009-Ohio-1361.

{¶12} Relevant to the instant case, R.C. 2152.58(A) and (D)(1) provide that after receiving a competency evaluation, the court *shall hold a hearing* to determine the child's competency to participate in the proceeding" and "*shall make a written determination* as to the child's competency or incompetency based on a preponderance of the evidence within fifteen business days after completion of the hearing. (Emphasis added.)

{¶13} K.A. argues the juvenile court did not comply with R.C. 2152.58 when it failed to hold a competency hearing and issue a written determination. As a result, he

contends that his adjudication and disposition must be reversed and the matter remanded for a new competency evaluation and determination. The state acknowledges that the court did not hold a competency hearing nor make a written determination as to K.A.'s competency. The state further acknowledges that the parties did not stipulate on the record to the competency evaluation report. Despite this, the state, relying on *State v. Bock*, 28 Ohio St.3d 108, 109, 502 N.E.2d 1016 (1986), argues that the failure to hold a hearing was harmless error because the record does not reveal sufficient indicia of incompetency.

{¶14} We note the *Bock* decision was issued in December 1986, which was well before the September 2011 enactment of the juvenile competency laws — R.C. 2152.51–2152.59. In *Bock*, the adult-defendant was found guilty of rape and GSI. The trial court ordered a competency examination, but no report was ever filed. On appeal, the court reversed Bock's convictions and remanded for a new trial, finding that the provisions for holding competency hearings were mandatory and that the hearing requirement could not be waived by implication, but was to be waived affirmatively on the record.

{¶15} The Ohio Supreme Court reversed the appeals court, finding that while a competency hearing is mandatory when the issue of competency is raised prior to trial,

> [t]he failure to hold a competency hearing is harmless error where the defendant proceeds to participate in the trial, offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency. (*Pate v. Robinson* [1966], 383 U.S. 375, and *Drope v. Missouri* [1975], 420 U.S. 162, construed and followed.)

*Id.* at paragraph one of the syllabus. The *Bock* court noted that the defendant "testified extensively at trial under direct, cross-, redirect and recross-examinations with no apparent behavior which would lead [the] court to believe that he was not competent to stand trial." *Id.* at 111.

{¶16} We find the instant case distinguishable from *Bock.* Here, despite the trial court's referral of K.A. to the court psychiatric clinic, the record reflects that no hearing was held pursuant to R.C. 2152.58 and no written order determining his competency was entered before the court accepted his guilty plea. The record further reflects that K.A.'s counsel did not stipulate to a finding of competency.

{¶17} The matter of K.A.'s competency was raised on April 12, 2016. The juvenile court ordered a competency evaluation, which was performed on April 26, 2016. Although the evaluation concluded K.A. was competent, Dr. Konieczny noted that K.A.'s previous charges from 2012 and 2013 were dismissed because he was found not competent to stand trial. Dr. Konieczny opined that K.A. functions in the borderline to extremely low range of intellectual capabilities and requires a greater than average degree of explanation or "coaching" with regard to concepts related to juvenile competency. K.A. did not show any later recall understanding for the concepts of confidentiality, nonconfidentiality, the role of the prosecutor, the process by which decisions are made, and his right not to be compelled to testify against himself.

{¶18} Furthermore, the psychological evaluation by Dr. Pinsoneault revealed that K.A. had extremely low verbal reasoning skills and had a low level of cognitive

functioning. Dr. Pinsoneault stated, "[i]n situations which call on using verbal abilities, such as logical thinking or vocabulary, [K.A.] would present as significantly cognitively impaired" and "the court might want to present information very concretely and then query him concerning his understanding."

{¶19} Unlike the defendant in *Bock*, 28 Ohio St.3d 108, 109, 502 N.E.2d 1016, in the instant case, K.A. did not testify and actively participate in his defense. The record establishes that K.A. has learning problems and difficulty understanding, and his two previous cases were dismissed because he was found not competent. Based on the foregoing, we cannot conclude that the trial court's failure to conduct the statutorily required hearing was harmless error.[2] *See In re Andrew W.*, 5th Dist. Knox No. 13-CA-24, 2014-Ohio-1576 (The juvenile court erred in failing to hold a competency hearing and make a written determination as to the juvenile's competency, despite the juvenile's competency evaluation finding him competent. The court found relevant that the juvenile had learning and understanding problems, and an evaluation on the juvenile was performed, but no other action, notice, motion, discovery, or finding in the record

_____

[2]We recognize that "[a] defendant who has pled guilty may, on appeal, attack only the voluntary, knowing, and intelligent nature of the plea, and may not raise independent claims relating to alleged deprivation of rights that occurred prior to the entry of the plea, except to the extent such error caused the plea to be less than voluntary, knowing, and intelligent." *Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717, ¶ 20, citing *State v. Sadowsky*, 8th Dist. Cuyahoga Nos. 90696 and 91796, 2009-Ohio-341, fn.1; *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351. Here, the court's failure to conduct a competency hearing, when the issue was raised before K.A. entered his plea, goes directly to whether his plea was voluntary, knowing, and intelligent. Therefore, K.A.'s plea did not waive a challenge to the trial court's failure to conduct the required competency hearing.

was taken relative to the juvenile's competency, and the juvenile did not testify at the delinquency hearing.)

{¶20} Therefore, the first assignment of error is sustained.

{¶21} In the second, third, and fourth assignments of error, K.A. challenges his plea, sentence and constitutional right to counsel. Our disposition of the first assignment of error, however, renders the remaining assignments of error moot. App.R. 12.

{¶22} Accordingly, judgment is reversed and the matter is remanded to juvenile court with instructions for the court to vacate the plea, conduct a hearing on K.A.'s competency, and issue a written determination pursuant to R.C. 2152.58.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR