[Cite as *Harsha v. Harsha*, 2024-Ohio-2757.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

LUANN L. HARSHA,

Plaintiff-Appellant,

v.

JAMES B. HARSHA,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0047**

---

Motion to Certify a Conflict

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Louis E. Katz*, for Plaintiff-Appellant and

*Atty. Jane M. Hanlin*, for Defendant-Appellee.

Dated:  July 19, 2024

**PER CURIAM.**

{¶1} Plaintiff-Appellant, Luann L. Harsha, has filed a motion asking this court to certify a conflict to the Ohio Supreme Court between this Court's judgment in *Harsha v. Harsha*, 2024-Ohio-2177 (7th Dist.), and the following decisions: *Bradley v. Bradley*, 2021-Ohio-2514 (8th Dist.); *Bonn v. Bonn*, 2015-Ohio-3642 (10th Dist.); *Secy. of Veterans Affairs v. Leonhardt*, 2015-Ohio-931 (3d Dist.); *Inscoe v. Inscoe*, 121 Ohio App.3d 396 (4th Dist. 1997); *Qi v. Yang*, 2012-Ohio-5542 (2d Dist.); *Hammonds v. Eggett*, 2011-Ohio-6510 (11th Dist.); and *Mahlerwein v. Mahlerwein*, 2005-Ohio-1835 (4th Dist.).

{¶2} A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the State of Ohio. Section 3(B)(4), Article V, Ohio Constitution.

{¶3} In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596 (1993). (Emphasis sic).

{¶4} Moreover, a motion to certify a conflict "shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed." App.R. 25.

{¶5} Appellant asks that we certify three separate questions:

(1) "May a trial court in rendering a judgment consider matters outside the record of the evidence produced at trial?"

(2) "In a child custody case where the child has been interviewed as to his or her wishes and concerns, may a party have access to the

transcript of the interview for purposes of formulating an argument as to a possible assignment of error?"

(3)     "Whether a Trial Court, in deviating from the child support guideline amount, must explain how the deviation amount was arrived at?"

**{¶6}**     We will address each question in turn.  First, Appellant claims this Court's judgment is in conflict with the following statement:

> In its April 16, 2020 judgment entry, the trial court recognized that in ruling on Husband's objections, the trial court " 'may only consider the evidence the court admitted at trial. Other evidence in the record but not admitted at trial may not be considered.' " Trial court's April 16, 2020 judgment entry at p. 1, quoting *Hoaglin Holdings v. Goliath Mtge., Inc.*, 8th Dist. Cuyahoga No. 83657, 2004-Ohio-3473, ¶ 15.

*Bradley*, 2021-Ohio-2514, at ¶ 146 (8th Dist.); *See also Bonn*, 2015-Ohio-3642, at ¶ 27 (10th Dist.); *Leonhardt*, 2015-Ohio-931, at ¶ 30 (3d Dist.).

**{¶7}**     In citing to cases from the Second and Eighth Districts, this Court found the trial court did not abuse its discretion in considering matters of record in this case when determining the child's best interest.  *Harsha*, 2024-Ohio-2177, ¶ 42 (7th Dist.).  Our case, as well as the Second and Eighth District cases on which we relied, addressed the issue of a child's best interest.  As noted, a trial court must weigh all the statutory factors and all other relevant factors in determining the child's best interest, including the case history.  *Willis v. Willis*, 1997 WL 272377 (8th Dist. May 22, 1997).

**{¶8}**     The cases Appellant cites to as being in conflict are distinguishable.  In both *Bradley* and *Bonn*, the appellants attempted to argue the trial court erred in failing to consider matters within the case history.  And in *Leonhardt*, the appellant argued the trial court erred in failing to consider affidavits attached to a summary judgment motion when the matter eventually went to trial.  None of the appellants argued the trial court improperly considered matters of record in determining a child's best interest.  Thus, our judgment is not in conflict with these cases.

**{¶9}** Next, Appellant claims our judgment is in conflict with the Fourth District's decision in *Inscoe*, 121 Ohio App.3d 396. But we already addressed this issue in our Opinion and found *Inscoe* distinguishable:

> In this assignment of error, Mother argues the trial court erred in denying her motion. She relies on *Inscoe v. Inscoe*, 121 Ohio App.3d 396, 700 N.E.2d 70 (4th Dist.1997) for support. In that case, the court agreed with the appellant that the trial court erred in sealing the in-camera interview from the parties. *Id.* at 420-421. The Fourth District reasoned that without access to a transcript of the in-camera interview, a parent could not effectively challenge a trial court's determination of the reasoning ability of the child interviewed. *Id.* at 420. The Fourth District acknowledged that its decision was at odds with decisions from the Fifth and Ninth Districts. *Id.* at 421.

> This matter is distinguishable from *Inscoe*. In *Inscoe*, the Fourth District gave two reasons in support for allowing access to the transcript of a child's interview. It stated that if the legislature had intended to deny parents access to a transcript of their child's in-camera interview, it could have stated so in the statute. *Id.* at 420. Significantly, the court also stressed that without access to a transcript of the in-camera interview, a parent could not effectively challenge a trial court's determination of the reasoning ability of the child being interviewed. *Id.*

> Pursuant to R.C. 3109.04(B)(1)(b), before a court interviews a child in chambers, it:

> > first shall determine the reasoning ability of the child. If the court determines that the child does not have sufficient reasoning ability to express the child's wishes and concern with respect to the allocation of parental rights and responsibilities for the care of the child, it shall not determine the child's wishes and concerns with respect to the allocation.

In this case, Mother does not challenge the child's reasoning ability. Instead, she seeks to learn what the child said during the interview. Thus, the reasoning set forth in *Inscoe* on this issue is not applicable here.

*Harsha*, at ¶ 47-50. Thus, our judgment is not in conflict with this case.

{¶10} Finally, Appellant claims our judgment is in conflict with *Qi*, 2012-Ohio-5542 (2d Dist.); *Hammonds*, 2011-Ohio-6510 (11th Dist.); and *Mahlerwein*, 2005-Ohio-1835 (4th Dist.), because we did not find error with the trial court's failure to set forth how it arrived at the child support deviation.

{¶11} We determined that the trial court's judgment satisfied the statutory child support computation requirements by: attaching the basic child support worksheet to its judgment entry; noting that the Child Support Enforcement Agency conducted an investigation to arrive at the new child support order, which specifically included a Line 25a deviation for extended shared parenting; and entering numerous findings of fact in support of a week-on, week-off extended shared parenting schedule. *Harsha*, at ¶ 92.

{¶12} In *Qi*, the court was confused as to what amount of parenting time the trial court assigned to the father and, therefore, was unable to see how the trial court arrived at the amount of its deviation. *Qi*, at ¶ 19. In *Hammonds*, the court found the trial court did not comply with the statutory requirements because, although the father had two minor children who lived with him, the trial court did not include them on line eight in its child support calculation for purposes of adjusting appellant's income. *Hammonds*, at ¶ 35. And in *Mahlerwein*, the court found that the magistrate's decision, together with the record, offered no insight regarding the factors the magistrate considered in determining who would be the child-support obligor. *Mahlerwein*, at ¶ 24.

{¶13} None of these situations apply in this case. There was no confusion as to parenting time. There were no minor children omitted from the child support calculation. And here the decision, together with the record, did offer the required insight into the support deviation. Thus, our judgment is not in conflict with these cases.

{¶14} In sum, because none of the judgments of the cases cited by Appellant are in conflict with the judgment of this Court upon the same question, we must deny Appellant's motion.

**{¶15}** For these reasons, Appellant's motion to certify a conflict is hereby denied.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**