[Cite as *State v. Peters*, 2016-Ohio-7773.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RONALD PETERS | : | Case No. CT2015-0064 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2015-1057


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      November 16, 2016


APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

D. MICHAEL HADDOX            ERIC J. ALLEN
Prosecuting Attorney            4605 Morse Rd. Suite 201
Gahanna, Ohio 43230
By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

**{¶1}** Appellant Ronald Peters appeals a judgment of the Muskingum County Common Pleas Court convicting him of failure to comply with the order or signal of a police officer as a third degree felony (R.C. 2921.331(B), (C)(5)), and tampering with evidence (R.C. 2921.12(A)(1)). Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On April 19, 2015, Trooper Kenneth Schrig of the Ohio State Highway Patrol was conducting airspeed enforcement on Interstate 70 when he clocked a vehicle driven by appellant traveling 95 miles per hour. He radioed to Trooper Corey Campbell to stop appellant. When Tpr. Campbell activated his lights to stop appellant's vehicle, appellant increased his speed and began weaving in and out of traffic, driving on the berm, and splitting cars at speeds between 90 mph and 115 mph. During the chase, a bag was tossed from the vehicle.

**{¶3}** The chase continued until appellant exited the interstate and drove across the airfield of the Zanesville Airport. He got out of the car and tossed his car keys in a trash can. He entered the airport and asked an employee to charter a flight for him. When he was informed that the airport could not do that for him, he walked outside and appeared surprised to find police officers waiting for him. Appellant and the passenger in his car, Chelsea Parker, were arrested. Both claimed that they were unaware the officers were pursuing them.

**{¶4}** Appellant was indicted with failure to comply with the order or signal of a police officer as a third degree felony because his conduct created a substantial risk of

harm to persons or property, and tampering with evidence. Appellant entered a plea of not guilty and the case was set for jury trial on August 27, 2015.

{¶5} On August 26, 2015, appellant filed an application for the appointment of a psychiatrist to examine him at state expense pursuant to R.C. 2945.37. The next morning just before the start of his trial, appellant made an oral request for a competency evaluation. Counsel indicated to the court that appellant's behavior had become erratic, that appellant told counsel he suffers from schizophrenia as well as depression, and that appellant felt he was incompetent to move forward and assist counsel in his defense. Counsel indicated that the information appellant provided for his defense had proven to be false.

{¶6} The court inquired as to the sudden emergence of the competency issue, as appellant had been represented by counsel for more than four months. Counsel indicated that there was a moment when it became clear to him that appellant had multiple personalities, appearing to be Keyser Soze. Further, appellant had another attorney see him at the jail to patent his record label and clothing line.

{¶7} The court then questioned appellant concerning his knowledge of the court system. Appellant indicated to the court that his attorney represents him, the prosecutor would prosecute him, and he was in court "allegedly" for an F-3. He indicated to the court that he knew what he was charged with and knew who the judge was. Appellant spoke with the judge concerning his diagnosis of paranoid schizophrenia and his need for medication. The court explained to appellant that mental health and competency were separate issues. The prosecutor represented that appellant had made specific requests as to what he wanted to see happen in the case, demonstrating a sophisticated

understanding the nature of the charges. Based on the fact that appellant had a basic understanding of the system and had only raised his mental health issues to counsel as they neared the trial date, the court overruled the motion.

{¶8} Following trial, appellant was convicted as charged. Between trial and sentencing, the trial court ordered a competency evaluation of appellant. The report of the psychiatrist indicated that appellant was malingering, or exaggerating/feigning his symptoms to avoid dealing with his legal issues. The psychiatrist opined to a reasonable degree of psychological certainty that appellant was capable of understanding the nature and objective of the proceedings against him, and to assist in his defense. The trial court sentenced appellant to thirty-six months incarceration on each count, to be served consecutively.

{¶9} Appellant assigns a single error on appeal:

{¶10} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR A COMPETENCY EVALUATION."

{¶11} R.C. 2945.37 provides in pertinent part:

(B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

(C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation or, in the case of a defendant who is ordered by the court pursuant to division (H) of section 2945.371 of the Revised Code to undergo a separate intellectual disability evaluation conducted by a psychologist designated by the director of developmental disabilities, within ten days after the filing of the report of the separate intellectual disability evaluation under that division. A hearing may be continued for good cause.

(F) The court shall not find a defendant incompetent to stand trial solely because the defendant is receiving or has received treatment as a voluntary or involuntary mentally ill patient under Chapter 5122. or a voluntary or involuntary resident with an intellectual disability under Chapter 5123. of the Revised Code or because the defendant is receiving or has received psychotropic drugs or other medication, even if the defendant might become incompetent to stand trial without the drugs or medication.

**{¶12}** Appellant argues that the court erred in failing to order a psychiatric evaluation of his competence, and by failing to hold a hearing concerning competency.

**{¶13}** Where the issue of the defendant's competency to stand trial is raised prior to the trial, a competency hearing is mandatory. *State v. Bock,* 28 Ohio St.3d 108, 109, 502 N.E.2d 1016 (1986). However, the failure to hold a competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency. *Id.* at 110.

{¶14} Although the trial court in the instant case did not hold a separate evidentiary hearing on the issue of competency, the trial court did inquire of both appellant and his counsel concerning appellant's competency before trial began. Appellant indicated to the court that his attorney represents him, the prosecutor would prosecute him, and he was in court "allegedly" for an F-3. He indicated to the court that he knew what he was charged with and knew who the judge was. Appellant spoke to the judge concerning his diagnosis of paranoid schizophrenia and his need for medication. The court explained to appellant that mental health and competency were separate issues. The prosecutor represented that appellant had made specific requests as to what happened in the case, demonstrating sophistication in understanding the nature of the charges. The colloquy between appellant and the court did not reveal indicia of incompetency.

{¶15} Further, while counsel represented to the court that appellant had exhibited signs of multiple personalities and appellant told the court he was diagnosed with paranoid schizophrenia and depression, R.C. 2945.37(F) specifically provides that a defendant is not incompetent solely on the basis of mental illness. Therefore, mental illness in and of itself does not render appellant incompetent to stand trial. The record demonstrates that up until shortly before trial, appellant was able to work with counsel, providing him with information to assist in his defense. The representations of counsel to the court reflected that appellant's behavior had only recently become erratic, and his description of appellant's behavior reflected indicia of mental illness rather than of incompetency to stand trial.

{¶16} Finally, the trial court did order a psychiatric evaluation prior to sentencing at which competency was addressed. The opinion of the psychiatrist was that appellant was malingering, or exaggerating/feigning his symptoms to avoid dealing with his legal issues. The psychiatrist opined to a reasonable degree of psychological certainty that appellant was capable of understanding the nature and objective of the proceedings against him, and to assist in his defense. Therefore, any error in failing to order an evaluation of appellant prior to trial was rendered harmless by the evaluation conducted shortly after trial and the finding that appellant was competent to stand trial.

{¶17} The assignment of error is overruled. The judgment of the Muskingum County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, J. and

Wise, J. concur.