OPINION
{¶ 1} This case is before us on the appeal of John Gooch from a trial court decision adjudicating Gooch delinquent and committing him to the legal custody of the Department of Youth Services (DYS) for a minimum of one year, with the maximum period not to exceed Gooch's twenty-first birthday. Gooch raises the following assignments of error:
 {¶ 2} I. Appellant was denied his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article One, Section Sixteen of the Ohio Constitution in that he was adjudicated delinquent while incompetent to stand trial.
 {¶ 3} II. Appellant was denied effective assistance of counsel to his prejudice and in violation of his constitutional rights.
 {¶ 4} After considering the record and applicable law, we find the assignments of error without merit. Accordingly, the trial court judgment will be affirmed.
 I {¶ 5} In the first assignment of error, Gooch claims that he was denied due process because he was adjudicated delinquent even though he was incompetent to stand trial. Gooch did not object to the trial court's competency ruling; in fact, his attorney stipulated to the competency evaluation that was done. Nonetheless, Gooch contends that the trial court erred in accepting the competency evaluation and in not holding a hearing.
 {¶ 6} The State argues that Gooch invited the alleged error, and that it should not, therefore, be considered. However, we have held that decisions about competency to stand trial are "outcome-determinative in the most fundamental sense," such that if error occurred, the decision must be reversed. In re Williams (1997), 116 Ohio App.3d 237, 241. Consequently, we will consider the alleged error.
 {¶ 7} R.C. 2945.37(B) provides that "[i]n a criminal action * * * the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section." We have held that the standards in R.C. 2945.37(A) govern competency evaluations of juveniles, so long as they are "applied in light of juvenile rather than adult norms." 116 Ohio App.3d at 242.
 {¶ 8} In State v. Were, 94 Ohio St.3d 173, 2002-Ohio-481, the Ohio Supreme Court held, in interpreting a substantially similar predecessor statute, that "a trial court must hold a competency hearing if a request is made before trial." Id. at paragraph one of the syllabus. However, this does not mean that a competency hearing cannot be waived. In Were, the trial court determined competency without a hearing, based on an examiner's report that the defendant was competent and had refused to speak with examiners. While the Ohio Supreme Court held that the trial court erred in failing to hold a competency hearing, it also clearly indicated that such a hearing may be waived. See, id. at 174 (noting that the requested competency hearing was neither held nor waived).
 {¶ 9} In the present case, Gooch was charged with a rape that allegedly took place on February 10, 2002. At the time, Gooch and the victim were both patients in the Pathways Mental Health Residential Center. Gooch was almost seventeen years old and the victim was twelve. An oral motion for a competency examination was made at a hearing held on February 20, 2002, but the record does not reveal who made the motion. In any event, Gooch was referred to Dr. Fujimura, who had previously performed a competency evaluation of Gooch in November, 2001.
 {¶ 10} The reports of both evaluations are in the court file. The first report, dated November 1, 2001, contains a significant amount of history about Gooch and his mental condition. According to the report, Gooch was charged with two counts of domestic violence, based on an alleged assault of his parents in September, 2001. The report details Gooch's history of domestic violence against his mother and sister, including an incident in which he allegedly pushed his sister against a car and broke her tooth. Additionally, the report reveals a family history of mental illness and various mental health treatment, both in-patient and out-patient, that Gooch had received. Dr. Fujimura stated that Gooch had a long-standing history of being diagnosed with a Bipolar Disorder that was recently changed to a diagnosis of Schizoaffective Disorder, Bipolar Type. Gooch was also taking various medications, including Risperdal, Lithium, Klonopin, and Congentin. However, Gooch scored highly on overall cognitive ability and performed at a post-high school level in word recognition and spelling, and at a high school level in arithmetic.
 {¶ 11} After administering a competency examination (the Competence Assessment for Standing Trial for Defendants with Mental Retardation, or CAST-MR), Dr. Fujimura found that Gooch was competent to stand trial on the domestic violence charges. Gooch was subsequently placed on probation and was given a suspended commitment to DYS. He was also referred for counseling.
 {¶ 12} In December, 2001, Gooch received in-patient mental health treatment because he was becoming increasingly aggressive and refusing medication. He also received a sex-offender assessment in January, 2002, due to alleged increasingly sexually aggressive behaviors in his home. Eventually, Gooch was admitted to the Pathways Mental Health Residential Center on February 8, 2002, and the alleged rape occurred two days later.
 {¶ 13} Dr. Fujimura evaluated Gooch's mental competency and prepared a second report, dated March 5, 2002. She again found that Gooch could understand the nature and objectives of the proceedings against him, and that he was capable of assisting his attorney in his own defense. For purposes of this evaluation, Fujimura again administered the CAST-MR, which has questions designed to test an individual's competence to stand trial. These questions test knowledge of the legal system, ability to help an attorney prepare a defense, and understanding of the charges. Gooch answered all 50 questions on this test correctly.
 {¶ 14} In addition, Dr. Fujimura gave Gooch the Georgia Court Competency Test-MSH Revision, which also tests basic knowledge of the legal system, ability to assist an attorney in one's defense, and understanding of the charges. On this test, Gooch answered 94 of 100 questions correctly. Dr. Fujimura stated that:
 {¶ 15} "[b]ased on the data obtained in the current evaluation, it is my opinion, within a reasonable degree of psychological certainty, that JohnPaul understands the nature and objective of the proceedings against him. Additionally, this client is also capable of assisting his attorney in his own defense. Although JohnPaul clearly has a chronic and severe history of significant mental health issues, including auditory as well as visual hallucinations, I did not find any evidence to substantiate JohnPaul being out of touch with reality to the point of requiring inpatient psychiatric hospitalization on the date of the alleged offense."
 {¶ 16} As we indicated, defense counsel accepted the competency evaluation that found Gooch competent. Consequently, the trial court did not hold a hearing, but instead accepted Gooch's admission to the charge. At that time, the trial court explained Gooch's rights and questioned him about his understanding of those rights. Gooch said he understood his rights and wished to admit the charge. The court then continued disposition so that a treatment team could make a recommendation.
 {¶ 17} Subsequently, the court held a dispositional hearing on April 5, 2002. At that time, the court heard from the treatment team, the probation department, South Community Mental Health, and the Children Services Board (CSB), all of whom recommended that Gooch needed to receive real consequences for his behaviors, and also needed mental health and sex offender treatment. Following these remarks, the court heard from Gooch's attorney, Gooch's mother, and Gooch, himself. The attorney pointed out the need to address mental health issues, but did not ask for any further competency evaluation. Gooch's mother then said that she felt he needed mental health treatment, not prison. She also asked that Gooch be evaluated for competency. And finally, Gooch read a statement he had written, in which he discussed the circumstances of the alleged crime and blamed his victim, rather than accepting responsibility for what he had done. Gooch also said he was a "changed person" and would like to be sent to counseling rather than to prison.
 {¶ 18} After hearing the above comments, the trial judge ordered Gooch to be placed in the legal custody of DYS and committed for a minimum of one year, with a maximum confinement until age twenty-one. The judge also said he would request a complete review of all psychiatric and psychological information available from DYS and would ask CSB to continue to "work" the matter with DYS. Additionally, the judge noted that the court retained authority over Gooch for the first year of confinement. The judge then said that if Gooch did not receive appropriate treatment, he would bring Gooch back from DYS and find another type of treatment program.
 {¶ 19} In contesting the competency finding, Gooch focuses on the fact that he was on various medication and on his history of mental disease and family disease and dysfunction. Gooch also criticizes Dr. Fujimura's competency finding.
 {¶ 20} As a preliminary point, we note that Gooch's status as a prior mental health patient does not make him incompetent to stand trial, nor is it dispositive that he took medication. In this regard, R.C.2945.37(F) says that:
 {¶ 21} "[t]he court shall not find a defendant incompetent to stand trial solely because the defendant is receiving or has received treatment as a voluntary or involuntary mentally ill patient under Chapter 5122. or a voluntary or involuntary mentally retarded resident under Chapter 5123. of the Revised Code or because the defendant is receiving or has received psychotropic drugs or other medication, even if the defendant might become incompetent to stand trial without the drugs or medication."
 {¶ 22} Similarly, the Ohio Supreme Court stressed in State v.Bock (1986), 28 Ohio St.3d 108, 110, that "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel."
 {¶ 23} As a further matter, Dr. Fujimura's competency evaluation was not inappropriate. In challenging the evaluation, Gooch cites a prior decision from our court, in which we found that Dr. Fujimura's conclusion about competence was influenced primarily by her evaluation of [a juvenile's] "* * * legal sanity and her own conception of moral culpability." Williams, 116 Ohio App.3d 237, 244.
 {¶ 24} In Williams, one expert (Dr. Fujimura) found a mentally retarded juvenile competent to stand trial, while another expert concluded that the juvenile was not competent. After reviewing the matter, we found that "the reports and testimony of both expert witnesses in this case were irreparably muddled with incorrect standards of law and inappropriate judgments pertaining to moral responsibility." Id. at 245. When we disregarded the improper opinions on both sides, we felt the evidence indicated the juvenile was not competent to stand trial. Accordingly, after clarifying the correct standard, we reversed and remanded the case for further proceedings. Id. at 245-47.
 {¶ 25} Williams was issued five years ago. Since each case is to be judged on its own merits, the mere fact that an expert may have confused the appropriate legal standard in one case has no bearing on future situations.
 {¶ 26} "The constitutional test under the Fourteenth Amendment for competency to stand trial is `whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.' * * * Under Ohio's codification of this standard, a defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that `because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense.'" Williams, 116 Ohio App.3d at 241-42
(citations omitted).
 {¶ 27} After applying this standard to the facts of the present case, we find no deficiency in Dr. Fujimura's findings on competency. Therefore, the trial court did not err in accepting the findings, and Gooch was not deprived of due process. In the absence of an indication that additional evaluation should be done, the court had no reason to order a further exam.
 {¶ 28} Based on the preceding discussion, the first assignment of error is without merit and is overruled.
 II {¶ 29} Gooch claims in the second assignment of error that he was denied effective assistance of counsel because his attorney failed to request an additional competency evaluation. For purposes of such a claim, "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136,137, paragraph two of the syllabus, following Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Further, "[t]o show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." 42 Ohio St.3d at 137, paragraph three of the syllabus.
 {¶ 30} To demonstrate that an additional competency evaluation was needed, Gooch points to his history in various institutions and his bizarre behavior. However, we have already concluded that Gooch was competent to stand trial, despite his history of mental illness. Furthermore, stipulations to various evidence can fall within the "`wide range of reasonable professional assistance.'" State v. Green,66 Ohio St.3d 141, 148, 1993-Ohio-26 (upholding defense counsel's stipulation to allow prior statements into evidence rather than cross-examining co-defendant).
 {¶ 31} In the present case, we see nothing wrong with trial counsel's stipulation to the competency evaluation. Gooch had been evaluated twice in the same year and was found competent both times to stand trial. Although Gooch had mental health problems, there is no indication in the record that he was unable to understand the nature of the charge against him, or that he could not assist his counsel with his defense. Accordingly, trial counsel did not render ineffective assistance, and the second assignment of error is without merit.
 {¶ 32} In view of the preceding discussion, both assignments of error are overruled and the trial court judgment is affirmed.
FAIN, J., and YOUNG, J., concur.