[Cite as *State v. Anderson*, 2019-Ohio-1494.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-08-173 |
| | : | O P I N I O N |
| - vs - | | 4/22/2019 |
| | : | |
| WALTER J. ANDERSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 18CRB03143

Thomas A. Dierling, City of Hamilton Prosecuting Attorney, 345 High Street, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Walter J. Anderson, appeals from his conviction in the Hamilton Municipal Court for public indecency. For the reasons set forth below, we affirm his conviction.

{¶ 2} On August 2, 2018, appellant was charged by complaint in Hamilton Municipal Court Case No. 18CRB03143 with one count of public indecency in violation of R.C. 2907.09(A)(1), a misdemeanor of the fourth degree. He was also charged in Hamilton

Municipal Court Case No. 18CRB03144 with one count of disorderly conduct in violation of R.C. 2917.11(A)(2), a minor misdemeanor. Appellant pled not guilty and a bench trial on both charges was held on August 22, 2018.

{¶ 3} At trial, the state called Tabatha Wilkerson as its sole witness. Wilkerson testified she is a manager at a McDonald's restaurant located on High Street in the city of Hamilton. Around 2:30 p.m. on August 1, 2018, Wilkerson was approached by a customer who informed her that a man was outside the restaurant with a knife. Wilkerson observed appellant from the drive-through window of the restaurant and saw that appellant had a knife sticking out of his pants pocket. According to Wilkerson, the knife was "halfway out of his pocket with his hand holding it." Wilkerson called the police to report appellant's actions. After getting off the phone with the police, Wilkerson observed appellant expose his penis to a female customer who was leaving the restaurant. Wilkerson testified appellant "pulled out his penis and was shaking it" at the customer. Wilkerson was unsure, however, whether appellant "just pulled [his jeans] down or if he unbuttoned them."

{¶ 4} Appellant took the stand in his own defense and admitted to being at McDonald's on August 1, 2018 with a knife. Appellant stated the knife was an "old black potato peeler" with a small blade. He testified that he did not point the knife at anybody but pulled the knife out of his pocket at times because he felt threatened. Appellant explained that for the past eight months, whenever he has gone out, he has felt like he was being threatened. While at McDonald's on August 1, 2018, he "felt like there was a bunch of people by the door and they were going to come out and attack" him. Appellant therefore kept his knife in his hand and "kept watching the door so they wouldn't come out on [him]." Appellant explained that he did not leave McDonald's, despite feeling threatened, because there was an "animal back in front of the building that day." Appellant denied that the animal was a domesticated animal and stated, "it was a real animal. I seen it for eight months. I'm

- 2 -

not hallucinating. I promise you that." He then admitted that the day before the incident at McDonald's he had gotten high after snorting methamphetamine.

{¶ 5} Appellant also testified that he had not exposed himself to anyone at McDonald's and that Wilkerson's testimony to the contrary was a lie. He claimed that he was wearing four layers of clothing on the date of the incident, consisting of a pair of ball shorts, a pair of "regular shorts," sweatpants, and jeans.

{¶ 6} After hearing the foregoing testimony, the trial court found appellant guilty of public indecency and disorderly conduct. Appellant was sentenced to 30 days in jail, with five days suspended and jail-time credit for 22 days. Appellant was also sentenced to two years of community control.

{¶ 7} Appellant appealed, raising the following as his only assignment of error:

{¶ 8} THE TRIAL COURT VIOLATED APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS WHEN IT FAILED TO ADDRESS THE DEFENDANT-APPELLANT['S] COMPETENCY TO STAND TRIAL.[1]

{¶ 9} In his sole assignment of error, appellant argues his due process rights were violated when the trial court failed to address his competency to stand trial. Appellant contends the trial court should have held a competency hearing as his trial testimony "clearly shows [he] suffered from paranoid and delusional thinking."

{¶ 10} "Fundamental principles of due process require that a criminal defendant who is legally incompetent may not be tried." *State v. Lampley*, 12th Dist. Butler No. CA2011-03-046, 2011-Ohio-6349, ¶ 9, citing *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). The United States Supreme Court has defined the test for competency to stand trial as whether the

---

1. In his merit brief, appellant challenges both his conviction for public indecency and his conviction for disorderly conduct on the basis that his due process rights were violated. However, appellant only filed a notice of appeal in his public indecency case, Hamilton Municipal Court Case No. 18CRB03143. As appellant did not file an appeal from his disorderly conduct case, Hamilton Municipal Court Case No. 18CRB03144, that case is not before us.

defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788 (1960). *See also State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, ¶ 57.

{¶ 11} In R.C. 2945.37, the General Assembly codified a criminal defendant's right to a competency hearing and set forth the following provisions regarding a determination of competency:

> (B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. *If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.*
>
> * * *
>
> (G) A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, *because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial* and shall enter an order authorized by section 2945.38 of the Revised Code.

(Emphasis added.) R.C. 2945.37(B) and (G).

{¶ 12} "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110 (1986). "The right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains 'sufficient indicia of incompetence,' such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial." *State v. Prophet*, 10th Dist. Franklin No. 14AP-875, 2015-

Ohio-4997, ¶ 12, citing *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896 (1975); and *Bock* at 110. "[W]here [a] defendant proceeds to participate in the trial, offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency," the trial court's failure to hold a competency hearing is harmless error. *Bock* at paragraph one of the syllabus.

{¶ 13} In the present case, we find that appellant's due process rights were not violated, and the trial court did not err by not holding a hearing on appellant's competency to stand trial. The issue of appellant's competence to stand trial was not raised by either the prosecutor or defense counsel below and the record fails to reveal sufficient indicia of incompetency. Rather, the record reveals that appellant understood the nature and objective of the proceedings against him and he was capable of assisting in his own defense. Appellant testified in his own defense at trial, explaining why he had a knife on him and denying allegations that he exposed himself while at McDonald's. Appellant clearly understood the evidence presented against him, as he testified the state's witness, Wilkerson, was lying when she described appellant pulling out his penis and shaking it at a customer. In light of appellant's participation and understanding of the proceedings against him, we find that his testimony that he felt threatened by people at McDonald's but was unable to leave the restaurant because of the reoccurring presence of a nondomesticated animal was not sufficient to indicate a lack of competency. *See, e.g., Lampley*, 2011-Ohio-6349 at ¶ 13-18 (finding the defendant's isolated comments at trial referring to himself as the "Holy Ghost" did not indicate a lack of competency where the defendant testified in his own defense at trial and was able to convey the defense theory of the case and neither the magistrate trying the case, defense counsel, nor the prosecutor ever expressed concerns on the record as to the defendant's competence). As we set forth above, "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity." *Bock*

at 110.

{¶ 14} Accordingly, for the reasons stated, we find no merit to appellant's arguments and overrule his sole assignment of error.

{¶ 15} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.