[Cite as *State v. Rice*, 2025-Ohio-1531.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 24CA015 |
| ROGER RICE | : | |
| | : | |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:    Appeal from the Holmes County Municipal Court, Case Nos. 23TRD1661, 23TRD1662 & 23CRB183

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    April 30, 2025

APPEARANCES:

For Plaintiff-Appellee

ROBERT K. HENDRIX
Assistant Prosecuting Attorney
164 E. Jackson Street
Millersburg, OH 44654

For Defendant-Appellant

JEFFREY KELLOGG
5 Washington Street
Millersburg, OH 44654

*Popham, J.,*

{¶1} Defendant-appellant Roger Rice ("Rice") appeals the July 3, 2024 Judgment Entry of the Holmes County Municipal Court, which found him incompetent to stand trial and determined that he could not be restored to competency within the statutory period.

*Facts and Procedural History*

{¶2} On September 25, 2023, a complaint was filed in Holmes County Municipal Court Case No. 23 CRB 183 charging Rice with Failure to Disclose Personal Information, a fourth-degree misdemeanor in violation of R.C. 2921.29(A)(1), and Resisting Arrest, a second-degree misdemeanor in violation of R.C. 2921.33(A).

{¶3} Rice was also charged in Holmes County Municipal Court Case Nos. 23 TRD 1661 and 23 TRD 1162 with multiple offenses, including:

Display of license plates, registration marks, and stickers, a minor misdemeanor in violation of R.C. 4503.21;

No operator license, an unclassified offense in violation of R.C. 4519.44;

Registration required for snowmobiles, off-highway motorcycles, and all-purpose vehicles, an unclassified offense in violation of R.C. 4519.02;

Display of license, an unclassified misdemeanor in violation of R.C. 4507.35; and

Driving under suspension or in violation of license restriction, a first-degree misdemeanor in violation of R.C. 4510.11.

{¶4}   On October 25, 2023, Rice's appointed attorney filed a Suggestion of Incompetence.  (Docket Entry No. 27).  The judge subsequently ordered a competency evaluation.  *Journal Entry* filed Nov. 14, 2023.  (Docket Entry No. 28).

{¶5}   On January 22, 2024, the judge noted Rice's refusal to cooperate with the evaluation by the District V Forensic Diagnostic Center.  (Docket Entry No. 34).  The judge ordered Rice to appear on February 13, 2024.

{¶6}   On February 6, 2024, an entry titled "Continuance" scheduled a new competency evaluation for February 14, 2024.  (Docket Entry No. 37).

{¶7}   Rice again refused to cooperate with the evaluation.  *Judgment Entry* filed March 20, 2024.  (Docket Entry No. 40).  The judge observed that Rice "repeatedly stated he is competent to stand trial and that he does not wish to be represented by counsel that the Court has appointed to him." *Id.* A pretrial was scheduled for April 3, 2024, to discuss whether a further evaluation was necessary and whether Rice still wished to waive counsel. *Id.*

{¶8}   On April 12, 2024, the State's motion to dismiss the charges in Case No. 23 TRD 1662 was granted.  That same day, the judge ruled that appointed counsel would remain pursuant to R.C. 2945.37(D) and set a status hearing for April 29, 2024.

{¶9}   A video-based competency evaluation was ordered with Dr. Devies of Psychological and Family Consultants, Inc.  *Journal Entry* filed May 3, 2024.  (Docket Entry No. 44).  The evaluation was to occur via Zoom on May 16, 2024.

{¶10}  On May 29, 2024, a competency hearing was scheduled for July 3, 2024. (Docket Entry No. 45).

{¶11}  On July 3, 2024, Rice filed a pro se request for, among other things, the competency report, a speedy trial, and permission to represent himself.  (Docket Entry No. 50).  A competency hearing was held that same day.

{¶12}  During the hearing, the judge noted: "There had been requests from the Defendant to have [appointed counsel] not represent him.  I have not ruled on that yet."  Competency T. at 2.  The judge confirmed that Dr. Devies' report, dated May 16, 2024, had been provided to both parties.  Rice stated he had not seen it.  Both attorneys stipulated to the admission of the report, and no additional evidence was presented.  *Id.* at 4.

{¶13}  The judge found that, based upon Dr. Devies' report, Rice was incompetent to stand trial and that he could not be restored.  Competency T. at 3-4.  The judge dismissed all charges.

{¶14}  Rice objected to the dismissal and requested an opportunity to cross-examine Dr. Devies, stating that "last time they had it, they had the Doctor on the screen, and they were able to throw questions back and forth." Competency T. at 5.  He reiterated, "I would like to question the Doctor." The judge responded, "But that is not going to happen for this hearing, this matter is dismissed." *Id.*

{¶15}  On July 3, 2024, the court entered judgment finding Rice incompetent to stand trial and not restorable within the statutory timeframe.  (Docket Entry No. 52).  All charges were dismissed.  *Id.*

*Assignment of Error*

{¶16}  Rice raises a single assignment of error,

{¶17} "I. THE TRIAL COURT ERRED IN FINDING THE APPELLANT INCOMPETENT TO STAND TRIAL BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO OVERCOME THE PRESUMPTION OF COMPETENCE."

**Standard of Review**

{¶18} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial. *See Pate v. Robinson* (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; and *Drope v. Missouri* (1975), 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103." *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). A finding of incompetency must be based upon a preponderance of evidence showing that, because of the defendant's present mental condition, he is incapable of understanding the nature and objective of the proceedings against him or of assisting in his defense. *State v. Neyland*, 2014-Ohio-1914, ¶¶ 32–33; *State v. Berry*, 72 Ohio at 359 (1995); R.C. 2945.37(G).

{¶19} However, "[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108 (1986); *see also State v. Hessler*, 90 Ohio St.3d 108, 125 (2000); *State v. Williams*, 2003-Ohio-4164, ¶ 64; R.C. 2945.37(F).

{¶20} A defendant's refusal to follow counsel's advice does not itself indicate incompetency. *State v. Johnson*, 2006-Ohio-6404, ¶ 161; *State v. Fletcher*, 1985 WL 4215, *2 (8th Dist. Dec. 5, 1985); *Lawson*, ¶ 54. Indecisiveness is also not equivalent to incompetence. *Lawson*, ¶ 56 (*quoting Johnson v. State*, 772 A.2d 1260 (Md. App. 2001)).

{¶21} A trial court's finding that a defendant is either competent or incompetent to stand trial will not be disturbed when there is some reliable and credible evidence

supporting that finding.  *State v. Were*, 2008-Ohio-2762, ¶ 46; *State v. Vrabel*, 2003-Ohio-3193, ¶ 33.

**Issue for appellate review:** *Whether the record contains reliable, competent, and credible evidence that Rice was not competent to stand trial*

{¶22}  In this case, Dr. Devies concluded "within a reasonable degree of psychological certainty" that Rice was not competent to stand trial and was not restorable within the statutory timeframe[1].  The evaluation noted Rice's refusal to cooperate, his disregard for the court's authority, and his inability to conform to even minimal expectations of behavior.  Dr. Devies described Rice as "extremely angry and potentially dangerous," perceiving himself as above the law.

{¶23}  Reviewing the record in its entirety, we find competent, credible evidence to support Dr. Devies' conclusions.  *See State v. Mills*, 2023-Ohio-4716, ¶18 ("The [sufficient-indicia-of-incompetency standard] … requires an examination of the record as a whole to determine whether there is evidence that presents a reasonable question as to whether the defendant is incompetent.").

{¶24}  Trial counsel first raised concerns about Rice's competency—significant since counsel is best positioned to assess a defendant's ability to understand the proceedings.  *See Lawson*, ¶ 64; *Drope v. Missouri*, 420 U.S. 162, 176–77 (1975); *State v. Adams*, 2004-Ohio-5845, ¶ 75.

{¶25}  Any lack of detail in Dr. Devies' report stems largely from Rice's repeated refusals to participate in any of the evaluations.  *See Judgment Entries* filed Jan. 22 and Feb. 14, 2024.  Given Rice's insistence that he could represent himself, his failure to

---

[1] *See* R.C. 2945.38(B)(1)(a)(iv) / (C)(3).

recognize the importance of the evaluation process undermines his claims of competency.

**{¶26}** At the hearing, no evidence contradicted Dr. Devies' report.  *See Adams*, ¶ 75; *Williams*, 2003-Ohio-4164, ¶ 66.

**{¶27}** As the Ohio Supreme Court noted in *State v. Roberts*, 2013-Ohio-4580, ¶ 92, "A criminal defendant's competency to stand trial... is a question of fact."

**{¶28}** Because there was reliable, credible evidence supporting the judge's finding that Rice was not competent and not restorable, that finding will not be disturbed. *Roberts*, ¶ 93; *Vrabel*, ¶ 33.

*Conclusion*

**{¶29}** After reviewing the record in its entirety and considering all relevant evidence, we find that the trial judge's determination—that Rice was not competent to stand trial and could not be restored within the statutory period—is supported by a preponderance of reliable, credible evidence.  *See State v. Berry*, 72 Ohio St.3d 354, 362 (1995).

**{¶30}** Rice's sole assignment of error is overruled.

**{¶31}** The judgment of the Holmes County Municipal Court is affirmed.

By Popham, J.,

Baldwin, P.J., and

Montgomery, J., concur