[Cite as *State v. Russell*, 2025-Ohio-4654.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ANTONIO M. RUSSELL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 NO 0523**

---

Criminal Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. 223-2039

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jordan C. Croucher*, Noble County Prosecutor, for Plaintiff-Appellee

*Atty. Edward A. Czopur*, for Defendant-Appellant

Dated:  October 7, 2025

---

**WAITE, J.**

{¶1}   Appellant Antonio M. Russell challenges the trial court's acceptance of his guilty plea after his defense counsel raised the issue of competency and despite the concerns all parties held regarding his competency.   However, Appellant's counsel withdrew his motion for a competency evaluation after the parties learned that a Franklin County court had found Appellant competent in an unrelated case using the same evaluator that the instant court used, and during the same general time period.  As such, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Facts and Procedural History

{¶2}   On November 6, 2021, while Appellant was incarcerated on unrelated charges at the Noble Correctional Institution, he had a scheduled visit with a female named ShaDae Butler ("Butler").  During this visit, prison staff noticed as Butler prepared Appellant a sandwich on a plate that she appeared to possess certain suspicious items. Following inspection, prison staff discovered "189 buprenorphine strips and two pieces of paper containing MDMB-4en-pinaa" had been placed underneath the sandwich.  (Plea Hrg. Tr., p. 13.)  After this discovery, investigators reviewed prior jail calls between the two and discovered there had been conversations between them discussing their plans to exchange the drugs.  Investigators interviewed Butler and asked her if she wanted to make a statement.  She declined, saying that "you guys have it, you know I did it so no, not really."  (Plea Hrg. Tr., pp. 13-14.)

{¶3}   As a result of this incident, on March 8, 2023, Appellant was charged with a single count of complicity to illegal conveyance of drugs onto the grounds of a government facility, a felony of the third degree in violation of R.C. 2923.03(A)(2), (F) and R.C. 2921.36 in a secret indictment.  The court and counsel for both sides had difficulty

scheduling the arraignment in this matter, as Appellant apparently refused to leave his cell and attend the proceedings.

{¶4} It is unclear what caused a significant gap in the proceedings, however, nothing occurred in the case from March 8, 2023 until February 2, 2024. On that date, Appellant was finally arraigned. Appellant appeared at the hearing and informed the court that his name was Osama Bin Laden, not Antonio Russell. He offered to undergo DNA testing to prove his "true" identity. During this hearing, defense counsel orally moved for a competency hearing.

{¶5} On April 9, 2024, the court held a pretrial hearing which Appellant failed to attend. At this hearing, the court was informed that Appellant refused to exit his cell and had refused to participate in any competency evaluation.

{¶6} On November 12, 2024, the court held another pretrial hearing. Again, Appellant refused to leave his cell. He informed prison staff that if they forced his attendance, he would expose his genitals at the hearing. During this hearing, defense counsel informed the court that counsel had learned Appellant did undergo a recent competency evaluation for purposes of the Franklin County matter for which he had originally been incarcerated. Appellant was found competent, but his counsel in that case disagreed with the finding and requested a second evaluation. While the record does not contain evidence as to a second evaluation, during the time the instant case was pending Appellant proceeded to trial and was convicted of serious charges in the Franklin County matter. Also, although the record includes no information relating to the offenses or potential competency issues, Appellant was charged and sentenced in a Richland County matter during this general time period.

Case No. 25 NO 0523

{¶7} Based on this information, Appellant's trial counsel in the instant case opined that no additional evaluations needed to occur in relation to this case. Rationalizing that a court in Franklin County found him competent in a matter where Appellant faced "severe charges" following competency evaluations, counsel saw no reason an evaluation might come to a different conclusion, here, particularly as the general timeline was the same in both cases.

{¶8} On January 3, 2025, the court converted a scheduled pretrial hearing into a plea hearing after the parties informed the court that an agreement had been reached. First, however, the court questioned the parties regarding the status of Appellant's competency. Appellant's trial counsel informed the court that Appellant never participated with the requested evaluation in this case, but counsel was satisfied with the evaluation done in the Franklin County case. Counsel stipulated to the finding of competency and withdrew his motion for a competency evaluation on the record. The court then vigorously questioned Appellant, and determined that he understood the effect of counsel's decision. The court requested a copy of the Franklin County court's decision finding Appellant competent, which is contained in this appellate record. The court indicated on the record that it had a copy of the entry, had read it, and accepted the parties' stipulation.

{¶9} While the parties agreed to a sentence of twelve months of incarceration, they disagreed as to whether that sentence should run consecutively or concurrently with his existing Franklin and Richland County sentences. Appellant requested electronic appearance at sentencing, complaining that he lost his "dorm" each time he left the prison and was moved to a new cell on his return. The court accommodated his request. After hearing arguments from both sides and from Appellant, the court ordered his sentence to run consecutively to his Richland County case, as the court was under the impression

Appellant may have served the entirety of his Franklin County sentence. The sentence was journalized on February 26, 2025.

{¶10} After the notice of appeal was filed in this matter, delays occurred. First, Appellant failed to file a timely brief. While he failed to request any extension, a brief that was filed instanter was accepted by the Court. The state sought and received a fourteen-day extension in which to file its response brief. Appellant then filed an untimely reply brief without seeking an extension or requesting to file instanter. This brief was not accepted by the Court.

<u>General Law</u>

{¶11} This case concerns a motion by defense counsel seeking a competency evaluation. The law governing competency procedures is found within R.C. 2945.37. Several subsections of that statute are relevant:

> (B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

> (C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the

evaluation or, in the case of a defendant who is ordered by the court pursuant to division (I) of section 2945.371 of the Revised Code to undergo a separate intellectual disability evaluation conducted by a psychologist designated by the director of developmental disabilities, within ten days after the filing of the report of the separate intellectual disability evaluation under that division.  A hearing may be continued for good cause.

. . .

(G)  A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

## ASSIGNMENT OF ERROR

Appellant's Due Process Rights pursuant to both the United States Constitution and Ohio Constitution were violated when the trial court accepted his guilty plea without first determining his competence to stand trial.

{¶12} Appellant contends the court erred in accepting his guilty plea where concerns regarding his competence raised lingering questions in this case.  Appellant

begins by noting that he exhibited behavior raising some concerns as to competency, leading the court to order a competency evaluation. Appellant argues that where the record establishes an indicia of incompetence, Ohio law requires a court to hold a hearing on the matter. While Appellant generally disagrees with the court's handling of his competency issue, he focuses his argument on the failure of the court and the parties to review the medical report associated with the competency proceedings in Franklin County. He also claims that counsel's motion for a competency evaluation was never withdrawn.

{¶13} At oral argument, Appellant shifted his focus to concerns regarding whether the trial court actually accepted the motion to withdraw the request for a competency evaluation, as no separate judgment entry was filed on the issue.

{¶14} First, we must clarify certain facts asserted by Appellant. Appellant seems to be arguing that the court erred when it failed to hold a competency hearing. The issue of Appellant's competency was first raised at a pretrial conference where counsel orally moved for an evaluation of competency. At that hearing, the parties addressed Appellant's concerning behavior and the court ordered an evaluation. Thereafter, the court scheduled two additional hearings, both of which Appellant refused to attend. Thus, the court attempted to hold a hearing on this issue. Appellant thwarted these attempts, and was responsible for the failure to hold a full hearing.

{¶15} Appellant inaccurately states that the Franklin County judgment entry finding him competent in that matter is not in this record. The document is found within the trial court folder. A review of the plea hearing shows that the document was provided to the judge by the parties jointly, and the court reviewed the entry on the bench. The parties agreed they had copies of the entry. In fact, on the basis of this entry, Appellant's

counsel stipulated to his competency in this matter. The court stated that it intended to review the entry prior to proceeding with any plea hearing, since Appellant's competency had been an ongoing issue throughout the case.

> THE COURT: Okay.
>
> And then *the court also now has before it the Judgment Entry from that case, that being 23CR1624.*
>
> The court will accept the stipulation to competency and prior to coming on record the court was informed that the defendant would be changing his plea here today. Is that correct, [Trial counsel]?

(Emphasis added.) (Plea Hrg. Tr., p. 4.)

{¶16} Thus, contrary to Appellant's assertions here, the court had the Franklin County judgment entry, reviewed it, and it became part of the record.

{¶17} Appellant also claims that trial counsel did not withdraw the motion for a competency evaluation. At the plea hearing, Appellant's counsel and the court entered the following discussion:

> THE COURT: First of all, I believe there was a request for a competency evaluation, Attorney Lenarz, and I don't think your client completed that evaluation.
>
> [TRIAL COUNSEL]: He did not, You Honor, but upon reviewing [the] Franklin County case there he was found competent *so I would stipulate to*

*that entry that he is competent to stand trial, withdraw that motion* and the

State and I do have an agreement for a plea on this case.

(Emphasis added.) (Plea Hrg. Tr., p. 2.)

{¶18} Contrary to Appellant's assertions, trial counsel clearly stipulated to competency and withdrew his motion for a competency evaluation. While Appellant now argues that because the trial court did not address the issue in a separate judgment entry this suggests the court did not actually grant the request to withdraw the motion, there is no requirement that a separate entry be filed in this instance. It is abundantly clear from the record that the court allowed counsel to withdraw the motion based on the stipulation that Appellant had been found competent in Franklin County.

{¶19} With this in mind, we turn to the analysis. "Fundamental principles of due process prohibit a trial of a criminal defendant who is legally incompetent." *State v. Austin*, 2010-Ohio-6583, ¶ 25 (7th Dist.), citing *State v. Braden*, 2003-Ohio-1325, ¶ 114. "Incompetency must not be equated with mere mental or emotional instability or even outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Were*, 2008-Ohio-2762, ¶ 47, quoting *State v. Bock*, 28 Ohio St.3d 108, 110 (1986).

{¶20} Pursuant to R.C. 2945.37(B), where a criminal defendant's competency to stand trial is raised prior to a trial, the court is required to hold a hearing on competency. While there are timing components to the rule, Appellant in this matter refused to appear for hearing and would not participate in the scheduled competency evaluation.

{¶21} Although not raised by the parties, a case arising from the Ohio Supreme Court provides guidance. *See State v. Mills,* 2023-Ohio-4716. In *Mills,* defense counsel

sought a competency evaluation of the defendant due to his behavior, which included the inability to engage in conversations about plea discussions, evidence to be used in the case against him, and trial tactics. *Id.* at ¶ 5. The defendant also became verbally abusive and suggested potential physical violence. The court ordered a competency evaluation, however, the defendant refused to be transported for the evaluation. No one rescheduled the evaluation and the issue was not raised again. The matter proceeded to trial, and the defendant was convicted on all offenses charged. *Id.* at ¶ 7.

{¶22} On appeal, the Sixth District determined that the court's failure to hold a competency hearing did not amount to reversible error. *Id.* at ¶ 7. The court rationalized the record showed that the defendant's behavior was certainly aggressive, but did not "reveal 'sufficient indicia of incompetency.' " *Id.*

{¶23} The Ohio Supreme Court accepted jurisdiction and ultimately affirmed the holding of the Sixth District. As to whether the court's failure to hold a hearing constituted reversible error, the Supreme Court agreed with the Sixth District that while the defendant was "difficult and uncooperative," there was nothing of record to suggest that he was incompetent. *Id.* at ¶ 32. The court noted that the defendant articulated to the trial court all of the information he had been told by counsel regarding the proceedings. The defendant understood concepts such as: the presumption of innocence, his right to appointed counsel, his right to a speedy trial, and the meaning of a *Batson* challenge. The defendant expressed frustration with the pace of the proceedings and simply wished to begin trial. Based on this, the *Mills* Court held that while he exhibited challenging behavior, there was no evidence that the defendant was incapable of understanding the nature and objective of the proceedings or that he was incapable of assisting in his own defense. *Id.*

Case No. 25 NO 0523

{¶24} Similar to *Mills,* the trial court engaged in a colloquy with Appellant when it accepted his counsel's stipulation to competency and the request to withdraw the motion seeking an evaluation. Once the court accepted the request to withdraw the motion, the court's further colloquy contained a description of, and sought his understanding of, the possible penalties he faced, postrelease control, the elements of the offenses he was charged with committing, that defenses to the charges might be available, and the typical constitutional and nonconstitutional rights that a court must convey during a Crim.R. 11 colloquy. (Plea Hrg. Tr., pp. 6-12.) The court also inquired about Appellant's education level, any physical or mental health issues, and his legal issues pertaining to the Franklin and Richland County charges. Appellant evinced an understanding of all of these issues, including in his other legal proceedings in the unrelated cases.

{¶25} During this hearing, Appellant demonstrated acceptable behavior and appeared cognizant and coherent. He intelligently answered the court's questions and demonstrated his understanding of both the process and the information provided by the court. Appellant concedes, here, that the court engaged in a vigorous colloquy with him, first addressing the issue of competency and, only when the court felt comfortable with competence, then in the Crim.R. 11 plea colloquy. The state contends the record contains a coherent and logical letter apparently written by Appellant which counsel read at the sentencing hearing. We note that it is unclear when this letter was written, as there was a slight gap in time between the plea hearing and sentencing hearing.

{¶26} Appellant explained at hearing that his refusal to cooperate in leaving his cell stemmed from his desire to remain in his "dorm," which is his term for his jail cell within the prison. He explained that every time a prisoner leaves for a court appearance or evaluation, they are moved to a different cell after their return. He requested to appear

at his sentencing hearing via electronic means because such an appearance would enable him to remain in his current cell. Thus, Appellant provided a logical reason for his behavior, even though his actions in furtherance of it may have been inappropriate and excessive.

**{¶27}** In addition, the court had the benefit of Appellant's obvious compliance with a competency evaluation in his Franklin County case, ongoing at the time of the offense at issue, here. While defense counsel orally stipulated to Appellant's competency, dismissed his request for a competency evaluation, and asked to proceed to the plea hearing, the court stated its intention to review the Franklin County judgment entry finding Appellant competent before accepting the stipulation and dismissal. The record reflects the parties provided the court with a copy of the entry, and the court reviewed that document. Despite the fact that the underlying evaluation itself was not provided, the court was satisfied that Appellant's competency had been meaningfully addressed. The court particularly relied on its familiarity with the evaluator, as it was the same person the court used when ordering its own evaluations. The court also found it relevant that the evaluation occurred within the same general time period as the instant case, as it was done approximately two months before the plea hearing. (Plea Hrg. Tr., p. 3.) Hence, the record supports the court's determination there was no need to prolong the case for purposes of having another evaluation completed by the same evaluator within the same time period.

**{¶28}** We also stress that, like *Mills,* while Appellant certainly engaged in inappropriate behavior during the early hearings, he behaved appropriately at the plea hearing. He was able to completely engage in a colloquy with the court and competently follow the proceedings. There was nothing that occurred at this hearing to raise questions

about his competency. To the contrary, Appellant's behavior supports the trial court's determination.

**{¶29}** Again, contrary to appellate counsel's claims, defense counsel did withdraw the request for a competency evaluation:

> THE COURT: . . . Now, this matter is before the court today I believe for a pretrial hearing or status conference but there are a couple things that the court wants to address.
>
> First of all, I believe there was a request for a competency evaluation, [Defense Counsel], and I don't think your client completed that evaluation.
>
> [DEFENSE COUNSEL]: He did not, Your Honor, but upon reviewing Franklin County case there he was found competent so I would stipulate to that entry that he is competent to stand trial, withdraw that motion and the State and I do have an agreement for a plea on this case.

(Plea Hrg. Tr., p. 2.)

**{¶30}** While appellate counsel urges that this exchange does not truly evince withdrawal of the motion, defense counsel clearly stated he sought to stipulate to the entry finding Appellant competent and withdraw his motion regarding any competency evaluation in this case. The court accepted the stipulation and proceeded with the Crim.R. 11 colloquy. Thus, the record shows the court clearly allowed counsel to withdraw the motion after reviewing the Franklin County judgment entry and addressing competency with Appellant, himself.

Case No. 25 NO 0523

**{¶31}** Again, all parties reviewed the Franklin County judgment entry which found Appellant competent during the timeframe of the instant proceedings, by the same evaluator used by the trial court. Appellant's counsel withdrew his motion for competency evaluation. Thereafter, the court vigorously questioned Appellant regarding his understanding of the proceedings. The record shows the court did not err in accepting Appellant's guilty plea after the issue of competency had been raised during the case. Accordingly, Appellant's sole assignment of error is without merit and is overruled.

Conclusion

**{¶32}** Appellant argues that the trial court erred in accepting his guilty plea after defense counsel raised the issue of competency. This record demonstrates that Appellant's counsel withdrew his motion after the parties learned that Appellant had been found competent following a recent evaluation performed by the same evaluator used by the trial court. As such, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Hanni, J. concurs.

Case No. 25 NO 0523

---

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Noble County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**